```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

MILTON OMAR COLON et al.,        :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :    CASE NO. 3:13CV325(JAM)
                                 :
METRO-NORTH COMMUTER             :
RAILROAD COMPANY et al.,         :
                                 :
     Defendants.                 :
```

RULING AND ORDER

In this diversity action, plaintiffs Milton Omar Colon and Arlene Davis bring personal injury claims under state law alleging negligence, reckless misconduct and loss of consortium against defendants Metro-North Commuter Railroad Company and Metropolitan Transportation Authority.  Colon sustained severe injuries after he climbed and fell from a tower supporting high-voltage electrical wires over railroad tracks.  Pending before the court is defendants' Motion to Compel responses to its first set of discovery requests.[1]  (Doc. #55.)  The motion is GRANTED.

Defendants issued fairly typical interrogatories and requests for production to Colon aimed at discovering information relevant to damages, potential witnesses, and the like.  Colon objected to a majority of the discovery requests.

---

[1] District Judge Alvin W. Thompson referred the motion to the undersigned.  (Doc. #58.)  The court conducted oral argument on April 2, 2014.

He advanced objections of attorney-client privilege, work product protection and burdensomeness as to some responses but withdrew most of those objections at oral argument.  His remaining objection is that his history of drug abuse and treatment is privileged pursuant to state and federal statutes that protect substance abuse and psychological treatment records.

Colon argues that any responsive statement or document that refers to his substance abuse treatment, even tangentially, is privileged.  The argument misapprehends the protection afforded by the relevant statutes.  Colon relies on Conn. Gen. Stat. §§ 52-146c, 52-146q and 52-146s.  These statutes protect from disclosure communications between a patient and his psychologist, licensed clinical social worker or professional counselor, respectively.  Defendants have not asked Colon to produce records of those communications, nor have they asked the treaters to reveal the content of those communications.  Colon also cites 42 U.S.C. § 290dd-2, which protects the confidentiality of records of substance abuse treatment maintained by federally-assisted programs.[2]  Only one of

---

[2]Rule 501 of the Federal Rules of Evidence provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Section 290dd-2 has been incorporated into the analogous Connecticut statute, Conn. Gen. Stat. § 17a-688(c).  See State

defendants' requests seeks records that might be maintained by such a program.

In view of the foregoing, the court orders as follows:

1. Interrogatories ## 7, 9, 11, 12, 13, 15, 16, 18 and 22 and Requests for Production ## 1 and 6 are granted in full.

2. Interrogatory #8 is granted in full.  Plaintiff's counsel is directed to Fed. R. Civ. P. 33(d) for guidance on how to specify where the responsive information can be found.

3. Interrogatory #14 is granted in part as follows.  Colon shall provide responsive information from the period four years prior to the date of his injuries.

4. Interrogatories ## 19 and 20 are granted in full. Defendants have asked for superficial information that amounts to no more than Colon would be required to disclose in a privilege log.  <u>See</u> Fed. R. Civ. P. 26(b)(5)(A)(ii); D. Conn. L. Civ. R. 26(e).

5. Interrogatory #23 and Requests for Production ## 2, 5, 12 and 14 are granted in full.  Colon shall provide the relevant authorizations as promised during oral argument.

6. Request for Production #11 is granted in full.  To the extent that the responsive records are maintained in connection with a substance abuse treatment program that receives federal

---

v. Rollinson, 203 Conn. 64, 654 (1987) (citing former versions of both statutes).

assistance within the meaning of § 290dd-2, there is good cause for the court to order the disclosure.  See 42 U.S.C. § 290dd-2(b)(2)(C) (court may order disclosure for "good cause" after weighing public interest and need for disclosure against injury to patient, to physician-patient relationship, and to treatment services); 42 CFR § 2.63(a)(3) (good cause may be found where, in litigation, patient offers testimony or other evidence pertaining to content of confidential communications).  Colon alleges that defendants' negligent failure to provide adequate warnings on the tower was a substantial factor in causing his injuries.  He expressly alleges that he "was not able to appreciate the danger presented by Tower #1043, its ladder system and its attached high voltage electric transmission lines."  This places his psychological condition and admitted substance abuse at issue and necessitates the disclosure.[3]  See Doe v. Marsh, 899 F. Supp. 933, 935 (N.D.N.Y. 1995) (ordering disclosure under § 290dd-2 because plaintiff "may not have it both ways and claim damages yet seek to conceal evidence which may very well pertain directly to his claim").

In connection with an order of disclosure under § 290dd-2, the court must impose appropriate safeguards against unauthorized disclosure.  See 42 U.S.C. § 290dd-2(b)(2)(C); 42

---

[3] Colon has admitted in discovery that he received methadone treatment that morning and smoked marijuana about an hour before he was injured.

4

CFR § 2.64(e).  Only the specific "records of blood alcohol testing or drug screens" from the 48 hours immediately prior to the alleged incident, as requested in Request #11, must be disclosed.  To the extent that defendants receive records of Colon's psychological or substance abuse treatment, they shall treat those records as "Designated Material" pursuant to the court's Standing Protective Order (doc. #3).

    SO ORDERED at Hartford, Connecticut this 3rd day of April, 2014.

                                  _____/s/_____
                                  Donna F. Martinez
                                  United States Magistrate Judge