UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR MILTON COLON AND ARLENE DAVIS,<br>     Plaintiffs,<br><br>     v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>     Defendants. | No. 3:13-cv-00325 (JAM) |

## ORDER GRANTING LEAVE TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT
[Doc. # 69]

The appropriate standard to evaluate Plaintiffs' First Amended Complaint is as a motion for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2), as defendants suggest. Under that standard, courts must "liberally grant[]" such motions, *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

None of those concerns are present here. The First Amended Complaint was timely filed after the Court's prior ruling. There is no evidence of bad faith or dilatory motive; on the contrary, plaintiffs' amendments serve in large part to correct incorrect assertions in the original Complaint. There have been no previous amendments allowed and thus there has been no repeated failure to cure deficiencies. Any prejudice to defendants cannot be characterized as

undue. The First Amended Complaint does not allege "an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice," *Ansam Associates, Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985), especially given that many of the amendments are apparently the direct result of defendants' own interrogatory responses; in any event, discovery has only recently begun. As to futility, while the Court's prior ruling dismissed several counts and denied leave to amend with regard to those counts because such amendment would be futile, it said nothing about whether the factual allegations currently at issue are futile with regard to the remaining counts.

The First Amended Complaint is not inconsistent with the terms of this Court's prior order granting leave to amend [Doc. # 62]. Defendants' objection to filing of the First Amended Complaint is overruled, and the First Amended Complaint [Doc. # 69] is adopted as filed

It is so ordered.

Dated at Bridgeport this 30th day of June 2014.

/s/
Jeffrey Alker Meyer
United States District Judge