UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR MILTON COLON AND ARLENE DAVIS,<br>        Plaintiffs,<br><br>    v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>        Defendants. | No. 3:13-cv-00325 (JAM) |

**ORDER DENYING PLAINTIFFS' RULE 72 OBJECTION [Doc. # 70]**

Plaintiffs challenge the ruling issued by Magistrate Judge Martinez [Doc. # 68] with regard to the finding of "good cause" to disclose certain records pertaining to plaintiff Colon's past psychiatric and substance abuse treatment. Plaintiffs have not demonstrated that Judge Martinez's ruling was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). There has been no showing that the records at issue are maintained in connection with a substance abuse program that receives federal assistance, as specified by 42 U.S.C. § 290dd-2(a) and as required for protection under that statute. But even assuming the program is covered by the law, the statute permits the court to order disclosure of confidential records for good cause after "weigh[ing] the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." 42 U.S.C. § 290dd-2(b)(2)(C).

Plaintiffs allege that defendants' negligent failures to provide adequate warnings resulted in Colon's severe injuries because, in their absence, Colon "could not appreciate the high voltage danger presented by Tower #1043, its ladder system and its attached high voltage electric transmission lines, energy fields, un-insulated wires and the potential for electric arc/shock."

Am. Compl. ¶ 61, 79.  As Judge Martinez found, this allegation places at issue Colon's psychological condition and the substance abuse to which Colon had admitted in discovery. If plaintiffs contend that Colon climbed the tower because defendants failed to adequately warn him, defendants are entitled to seek through discovery evidence that would offer an alternative explanation for Colon's actions, especially given that "it is not expected that the general public will climb lattice work towers supporting electrical wires over railroad tracks." [Doc. # 62] at 7 (Thompson, J.). Judge Martinez's finding of good cause was not clearly erroneous or contrary to law.

Furthermore, Judge Martinez ordered the production subject to confidentiality safeguards, as required by 42 U.S.C. § 290dd-2(b)(2)(C) and 42 C.F.R. § 2.64. With regard to Request #11, the only request for which she found that responsive records might be covered by 42 U.S.C. § 290dd-2 and thus the only request for which a "good cause" finding was made, Judge Martinez emphasized that disclosure was limited to "[o]nly the specific 'records of blood alcohol testing or drug screens' from the 48 hours immediately prior to the alleged incident, as requested in Request #11," and ordered that any records of Colon's psychological or substance abuse treatment be treated as "Designated Material" under the court's Standing Protective Order [Doc. # 3]. No further limitation or in camera inspection, as requested by plaintiffs, is required. The discovery ordered and confidentiality safeguards imposed are not clearly erroneous or contrary to law.

Plaintiffs' Rule 72 Objection [Doc. # 70] is DENIED. It is so ordered.

Dated at Bridgeport this 28th day of July 2014.

/s/
Jeffrey Alker Meyer
United States District Judge