UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR MILTON COLON AND ARLENE DAVIS<br><br>PLAINTIFFS,<br><br>v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY AND METROPOLITAN TRANSPORTATION AUTHORITY<br><br>DEFENDANTS,<br><br>UNITED ILLUMINATING COMPANY<br><br>THIRD PARTY DEFENDANT. | CIVIL ACTION NO. 3:13-cv-00325 (JAM)<br><br><br><br>JULY 30, 2014 |

**ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANTS METRO-NORTH COMMUTER RAILROAD COMPANY AND METROPOLITAN TRANSPORTATION AUTHORITY TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT, DATED APRIL 10, 2014**

1. The defendants admit that Metro-North and the MTA are corporations formed under the public benefit laws of the State of New York. The defendants further admit that their principal location is in New York. The defendants have insufficient knowledge to admit or deny the balance of the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

2. The defendants admit that Metro-North only uses the high voltage electric transmission tower # 1043 and the electric transmission lines attached to it in and around West Haven, Connecticut. The defendants deny that the Metropolitan Transportation Authority uses said tower or electric transmission lines. Upon information and belief, the railroad right of way and the subject tower are owned by the State of Connecticut. The defendants deny that the right of way is public property and/or used by members of the public. The defendants have insufficient knowledge to admit or deny the balance of the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

3. Upon information and belief, the defendants believe that the railroad right of way is owned by the State of Connecticut and managed through its Department of Transportation. The defendants deny that the railroad right of way is open for use by members of the public or that it is used by members of the public. The defendants admit that they have entered into certain agreements regarding the operation of a commuter rail line within the State of Connecticut. The defendants have insufficient knowledge to admit or deny the balance of the allegations in this paragraph, and, therefore, deny same and leave the plaintiffs to their proof.

4– 6. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph, and, therefore, deny same and leave the plaintiffs to their proof.

7. Upon information and belief, the defendants believe that the railroad right of way is owned by the State of Connecticut and managed through its Department of Transportation. The right of way is used by Metro-North to conduct commuter rail service. The defendants deny that the MTA utilizes the right of way. The defendants deny that the MTA used, controlled, operated and/or maintained any power lines or tower # 1043. The

defendants have insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph, and, therefore, deny same and leave the plaintiffs to their proof.

8. As to the allegations of paragraph eight, the defendants have insufficient knowledge upon which to form a belief as to the truth of the allegations contained within this paragraph and, therefore, deny same and leaves the plaintiffs to their proof.

9. Metro-North admits that it is a corporation organized and existing under the Public Benefit Laws of the State of New York. Metro-North admits that it operated a commuter railroad within the State of Connecticut which utilized the railroad right of way and related catenary towers and electrical supply wires. The defendants admit that they do not own any of the referenced property. Upon information and belief, the defendants believe that the railroad right of way is owned by the State of Connecticut and managed through its Department of Transportation. The defendants have insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph, and, therefore, deny same and leave the plaintiffs to their proof.

10. The defendants admit that they do not own any of the referenced property. Metro-North admits that it conducted a commuter railroad service and used the railroad right of way, and accompanying catenary towers and electrical supply wires. The defendants have insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

11. The defendants admit that they do not own any of the referenced property. The defendants admit that Metro-North operated a commuter rail line on the referenced railroad right of way, which included the use of tower # 1043 and the related electrical supply wires.

12. The defendants admit that the Metropolitan Transportation Authority is a corporation organized and existing under the public benefit laws of the State of New York. The defendants deny that the MTA operated, used and/or maintained a high voltage electric transmission tower identified as the subject tower # 1043, located alongside a railroad track in West Haven, Connecticut. Defendants admit that they do not own any of the referenced property. Upon information and belief, the defendants believe that the State of Connecticut owns the railroad right of way and manages it through the Department of Transportation. The defendants deny that the MTA used, operated, maintained and/or controlled the right of way and any high voltage electric power lines attached to the subject tower # 1043.

13. Denied.

14. It is admitted that the defendants do not own any of the referenced property. The balance of the allegations contained in this paragraph are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Upon information and belief, it is admitted that the State of Connecticut the railroad right of way and attached tower and wires and managed it through the Department of Transportation. The defendants admit that Metro-North maintained, used and operated tower # 1043 in connection with its operation of a commuter rail line. The defendants deny that the MTA operated, used and/or maintained the subject tower # 1043.

20. The defendants admit that Metro-North maintained, used and operated tower # 1043 in

connection with its operation of a commuter rail line. The balance of the allegations contained in this paragraph are denied.

21. The defendants admit that Metro-North operated, managed and/or maintained tower # 1043 and the catenary system solely in relation to the operation of the commuter rail line. The defendants deny that the MTA had any involvement in the operation, management and/or maintenance of tower # 1043, the catenary system in Connecticut, or any related wires, fixtures or conduits.

22. The defendants admit that Metro-North operated, managed and/or maintained tower # 1043 and the catenary system solely in relation to the operation of the commuter rail line. The defendants deny that the MTA had any involvement in the operation, management and/or maintenance of tower # 1043, the catenary system in Connecticut, or any related wires, fixtures or conduits.

23. As to the allegations of paragraph twenty three, the defendants have insufficient knowledge upon which to form a belief as to the truth of the allegations contained within this paragraph and, therefore, denies same and leaves the plaintiffs to their proof.

24. Admitted.

25. Denied.

26. The defendants state that the 1985 amended and restated service agreement speaks for itself.

27. The defendants state that the 1985 amended and restated service agreement speaks for itself.

28. Denied.

29. The defendants state that the 1985 amended and restated service agreement speaks for itself.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. The defendants deny that they had "acted together" to post a single warning sign on tower # 1043. The defendants deny that no "no trespassing" signs were posted around the right of way. The defendants deny that the plaintiff was <u>not</u> trespassing at the time of his injury. The defendants admit that Metro-North owned the sign which was placed upon tower # 1043 and deny that the sign provided no effective warning to the plaintiff.

38. Denied.

39. Denied.

40. The defendants admit that Metro-North only used and maintained the subject tower # 1043 which was owned by the State of Connecticut and the attached electric power wires. The defendants deny the balance of the allegations contained in this paragraph.

41. Denied.

42. Denied.

43. The defendants admit that Metro-North inspected and maintained the railroad right of way and subject tower # 1043. The defendants deny the balance of the allegations contained in this paragraph.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

51. Denied.

52. It is expressly denied that the defendants were acting as a utility. The defendants admit that it had knowledge that the United Illuminating Company was using portions of the catenary tower system for support of the United Illuminating Company's high voltage power wires.

53. Denied.

54. Denied.

55. Denied.

56. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

57. Denied.

58. Denied.

59. The defendants admit that Metro-North used tower # 1043 and the catenary system solely in relation to the operation of the commuter rail line. The defendants deny the balance of the allegations contained in this paragraph.

60. Denied.

61. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

62. Denied.

63. Denied.

64. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

65. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

66. The defendants admit that Metro-North operated, managed and/or maintained tower # 1043 and the catenary system solely in relation to the operation of the commuter rail line. The defendants deny that the MTA had any involvement in the operation, management and/or maintenance of tower # 1043, the catenary system in Connecticut, or any related wires, fixtures or conduits. The defendants deny the balance of the allegations contained in this paragraph.

67. Denied.

68. The defendants deny any implication of responsibility for the injuries sustained by the plaintiff, Omar Colon. The defendants have insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

69. The defendants deny any implication of responsibility for the injuries sustained by the plaintiff, Omar Colon. The defendants have insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

70. The defendants deny any implication of responsibility for the injuries sustained by the plaintiffs, Omar Colon and Arlene Davis. The defendants have insufficient knowledge to admit or deny the balance of the allegations contained in this paragraph and, therefore, deny

same and leave the plaintiffs to their proof.

71. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

72. The defendants incorporate the answers to paragraphs 1 – 70 as the answers to this paragraph.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

93. The defendants incorporate the answers to paragraphs 1 – 70 and 73 - 91 as the answer to this count.

94. Denied.

95. Denied.

96. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

110. The defendant incorporates the answers to paragraphs 1 – 70 and 73 – 91 and 100 - 101 as the answers to this paragraph.

111. Denied.

112. Denied.

113. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

114. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

115. Denied.

116. The defendants have insufficient knowledge to admit or deny the allegations in this paragraph and, therefore, deny same and leave the plaintiffs to their proof.

## AFFIRMATIVE DEFENSES OF DEFENDANTS METRO-NORTH COMMUTER RAILROAD COMPANY AND METROPOLITAN TRANSPORTATION AUTHORITY

### FIRST AFFIRMATIVE DEFENSE

If the plaintiffs suffered the injuries and damages as alleged in their complaint, which is expressly denied, then said injuries and damages were caused by the negligence of Omar Milton Colon, in that he:

    a.    violated Connecticut General Statutes Sec. 53a-110d, relating to simple trespass of railroad property, and Sec. 53a-109, relating to criminal trespass in the third degree;

    b.    failed to heed posted warnings;

    c.    failed to appreciate a readily apparent danger in climbing a caternary tower with high tension power lines 35 to 40 feet off the ground;

- d. failed to anticipate the consequences of coming into contact with conduits of high-voltage electricity;
- e. used illegal substances prior to the alleged incident that diminished his judgment;
- f. failed to remove himself from the catenary tower after becoming aware of the dangers caused by his exposure to the high tension wires;
- g. failed to make proper uses of his senses and faculties at that time and place;
- h. failed to avoid the condition of which he complains;
- i. failed in his duty to mitigate his own damages;
- j. failed to take reasonable precautions at that time and place; and,
- k. was trespassing in an area that was not open for use by the public.

## SECOND AFFIRMATIVE DEFENSE

If the plaintiffs suffered the injuries and damages as alleged in their complaint, which is expressly denied, then said injuries and damages were caused by the recklessness of Omar Milton Colon, in that he:

- a. violated Connecticut General Statutes Sec. 53a-110d, relating to simple trespass of railroad property, and Sec. 53a-109, relating to criminal trespass in the third degree;
- b. failed to heed posted warnings;
- c. failed to appreciate a readily apparent danger in climbing a catenary tower with high tension power lines 35 to 40 feet off the ground;
- d. failed to anticipate the consequences of coming into contact with conduits of high-voltage electricity;

e. used illegal substances prior to the alleged incident that diminished his judgment;

f. failed to remove himself from the caternary tower after becoming aware of the dangers caused by his exposure to the high tension wires;

g. failed to make proper uses of his senses and faculties at that time and place;

h. failed to avoid the condition of which he complains;

i. failed in his duty to mitigate his own damages;

j. failed to take reasonable precautions at that time and place; and,

k. was trespassing in an area that was not open for use by the public.

### **THIRD AFFIRMATIVE DEFENSE**

Causes of action alleged in the First Amended Complaint that were not alleged in the original complaint are hereby barred by Conn. Gen. Stat. § 52-584.

a. The statute states that no action to recover damages for injury to the person, or to real or personal property, caused by negligence shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered.

b. The plaintiff alleges the incident complained of occurred on March 17, 2011.

c. According to the Return of Service, the plaintiff's summons and complaint were filed with this court on March 10, 2013 and were served on the defendant's office on March 19, 2013 by State Marshal Andrew Esposito. This complaint included allegations that Colon was an "unauthorized user" of the subject property, for instance, and that Metro-North and/or MTA had ownership rights in the property.

d. The First Amended Complaint was filed with the court on April 10, 2014.

e. In the First Amended Complaint, the plaintiffs significantly alter causes of action addressing Colon's legal status vis-à-vis the subject property and his appreciation for danger, allegations that the property where the incident occurred and adjacent land was vulnerable or even expressly open to public access and usage, especially by youths, and allegations about ownership and nature of the property where the incident allegedly took place that potentially affect the defendants' notice and respective duties owed Colon.

f. As such, the plaintiffs failed to bring certain causes of action in this suit within the two year statute of limitations, thus barring these causes of action.

THE DEFENDANTS,
METRO-NORTH COMMUTER RAILROAD
AND METROPOLITAN TRANSPORTATION
AUTHORITY

By: /s/
    Robert O. Hickey, Esq. (CT19555)
    Ryan Ryan Deluca LLP
    707 Summer Street
    Stamford, CT 06901
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              /s/
                                    Robert O. Hickey, Esq.