UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON AYALA, ET AL | CIVIL ACTION NO. 3:13-cv-00325 (JAM) |
| PLAINTIFFS, | |
| v. | |
| METRO-NORTH COMMUTER RAILROAD COMPANY, ET AL | February 15, 2016 |
| DEFENDANTS, | |
| v. | |
| UNITED ILLUMINATING COMPANY | |
| THIRD PARTY DEFENDANTS. | / |

**PLAINTIFF, OMAR COLON'S AND ARLENE DAVIS', REQUEST FOR JUDICIAL NOTICE REGARDING COLON'S NEW HAVEN HOSPITAL/MEDICAL BILLS AND BRIDGEPORT HOSPITAL/MEDICAL BILLS AND MEMORANDUM OF LAW REGARDING JUDICIAL NOTICE**

Pursuant to Rule 201, Federal Rules of Evidence, Plaintiffs, Omar Colon and Arlene Davis, request that the Court take judicial notice of the following facts that are not subject to reasonable dispute, because these facts are generally known within the Trial Court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, as follows:

1. Attached to this Request for Judicial Notice as **Exhibit "A"** are true and correct copies of the hospital and medical bills from **Yale-New Haven Hospital** in regard to treatment Omar Colon received after the March 17, 2011 incident.

2. Attached to this Request for Judicial Notice as **Exhibit "B"** are true and correct copies of the hospital and medical bills from **Bridgeport Hospital** in regard to treatment Omar Colon received after the March 17, 2011 incident.

3. Attached to this Request for Judicial Notice as **Exhibit "C"** are true and correct copies of the Affidavit of Kristen Braman regarding Medical and Hospital Bills of Yale New Haven Hospital and Bridgeport Hospital, confirming that the attached hospital and medical bills were directly obtained from Yale New Haven Hospital and Bridgeport Hospital in regard to the treatment of Omar Colon from the March 17, 2011 injury incident.

4. Attached to this Request for Judicial Notice as **Exhibit "D"** are true and correct copies of the Affidavit of Wade Myers, M.D. regarding Medical and Hospital Bills of Yale New Haven Hospital and Bridgeport Hospital, confirming Omar Colon's treatment and care from these two hospitals from the March 17, 2011 injury incident.

5. Attached to this Request for Judicial Notice as **Exhibit "E"** are true and correct copies of the Affidavit of Andrew Yuan, D.O. confirming that he has reviewed the Yale New Haven Hospital records and bills from the March 17, 2011 incident in the amount of **$35,767.59** and the Bridgeport Hospital records and bills from the March 17, 2011 incident in the amount of **$2,055,763.18**. The Affidavit of Andrew Yuan, D.O. also confirms that he would typically rely on the above bills, and that these bills are for reasonably necessary and customary medical and hospital treatment and

that these bills are customary and reasonable charges, such that these bills are reasonable and customary.

6. Attached to this Request for Judicial Notice as **Exhibit "F"** are true and correct copies of the **Bridgeport Hospital Burn Unit** photographs and selected medical, surgical and hospital records, including: the admission reports, surgical reports, and discharge summaries for Omar Colon from **Bridgeport Hospital**, in regard to services Omar Colon received after the March 17, 2011 incident.

### Memorandum of Law

Federal Courts have wide discretion and clear authority to take judicial notice of facts which are "generally known" and are "capable of accurate and ready determination". See, Rule 201, Federal Rules of Civil Procedure. The Court has authority under Rule 201, Federal Rules of Civil Procedure, to take judicial notice of "adjudicative facts", and the Court has inherent authority to take judicial notice of other widely known and indisputable facts.

In the case of United States v. Bari, 599 F.3d 176 (2nd Cir., 2010), the Second Circuit held that a trial judge has broad discretion to take judicial notice of well known, "common sense" facts, which do not change from case to case. The Second Circuit stated that:

> [W]e now consider whether the District Court committed reversible error when it conducted an independent Internet search to confirm its intuition that there are many types of yellow rain hats for sale. Bari argues that the District Court's search violates Rule 605 of the Federal Rules of Evidence. We agree with the government that Rule 201-in some relaxed form- governs this inquiry. 4 Because Bari did not object to the District Court's statement that "there are lots of

3

different rain hats…that one could buy," A.89a, we review Judge Chin's decision to consider that fact as evidence for plain error. 5

**Under Rule 201, "[a] court may take judicial notice, whether requested or not" of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)-(c);** see also **Black's Law Dictionary 923 (9th ed.2009) (defining judicial notice as "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact"). More generally, the "traditional textbook treatment" of Rule 201 has included two categories for judicial notice: "matters of common knowledge" and "facts capable of verification." Fed.R.Evid. 201, Advisory Committee Notes, Not to Subdivision (b).**

**Here, the District Court made a statement on a "matter[] of common knowledge."** Id.; cf. Kaggen v. IRS, 71 F.3d 1018, 1019 (2d Cir. 1995) **(holding that "[t]his Court may appropriately take judicial notice of the fact that banks send customers monthly bank statements"). Common sense leads one to suppose that there is not only one type of yellow rain hat for sale. Instead, one would imagine that there are many types of yellow rain hats, with one sufficient to suit nearly any taste in brim-width or shade. The District Court's Independent Internet search served only to confirm this common sense supposition.**

Bari argues in his reply brief 6 that "Judge Chin undertook his internet search precisely because the fact at issue…was an open question whose answer was not obvious." Reply Br. 8. We do not find this argument persuasive. As broadband speeds increase and Internet search engines improve, the cost of confirming one's intuitions decreases. **Twenty years ago, to confirm an intuition about the variety of rain hats, a trial judge may have needed to travel to a local department store to survey the rain hats on offer. Rather than expend that time, he likely would have relied on his common sense to take judicial notice of the fact that not all rain hats are alike. Today, however, a judge need only**

4

> **take a few moments to confirm his intuition by conducting a basic Internet search.** *See Reno v. ACLU*, 521 U.S. 844, 853, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997)
>
> [599 F.3d 181]
>
> ("The Web is... comparable... to both a vast library including millions of readily available and indexed publications and a sprawling mall offering goods and services.").
>
> **As the cost of confirming one's intuition decreases, we would expect to see more judges doing just that. More generally, with so much information at our fingertips (almost literally), we all likely confirm hunches with a brief visit to our favorite search engine that in the not-so-distant past would have gone unconfirmed.** Id. at 179-81.

In the case of U.S. v. Hernandez-Fundora, 58 F.3d 802 (C.A.2 (N.Y.), 1995), the Second Circuit explained that Rule 201, Federal Rules of Civil Procedure, is only applicable to "adjudicative facts" and there is no federal rule of evidence limiting the Federal Court's taking judicial notice of "legislative facts". The Second Circuit then explained:

> **Rule 201 "governs only judicial notice of adjudicative facts," Fed.R.Evid. 201(a), and not legislative facts.** Consequently, appellant's argument turns on the characterization of the fact judicially noticed. The Eighth Circuit has observed that
>
> **Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case.**
>
> United States v. Gould, 536 F.2d 216, 220 (8th Cir.1976). The fact that Fort Benning is under federal jurisdiction is a well established fact appropriate for judicial notice. Id. at 812.
>
> **Professor Davis has also addressed this issue very recently, stating:**

> **Whether 123 C Street is inside or outside the city is a question about 123 C Street, not about a party. The question whether X lives in this city is a question of adjudicative fact, but, even though X lives at 123 C Street, the fact that that address is within the city is not an adjudicative fact.**
>
> II Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise Sec. 10.6, at 155 (3d ed. 1994) ("Davis & Pierce").
>
> **These authorities clarify that while courts may take judicial notice of either legislative or adjudicative facts, only notice of the latter is subject to the strictures of Rule 201.** Although Rule 201 is frequently (albeit erroneously) cited in cases that involve judicial notice of legislative facts, see II Davis & Pierce Sec. 10.6, at 155, we recognize the importance of this distinction and its clear basis in Rule 201(a) and the advisory note thereon, as explicated in Gould and Bowers. **We therefore conclude that the jurisdictional issue in this case is premised upon a determination of legislative, rather than adjudicative, facts to which Rule 201, including Rule 201(g), is inapplicable.** Id. at 812.

This Court has wide discretion to properly take judicial notice of the facts set forth above, which cannot reasonably be disputed by Defendants. Requiring testimony on these well-known or easily determinable facts is not required by Federal Law and would not be judicially economical of the Court's or the jury's time.

WHEREFORE, Plaintiffs request that this Court take judicial notice of the above facts and determine that the above facts are conclusively established as facts in this case in all proceedings and for use at trial.

Respectfully submitted this 15th day of February, 2016.

                                        WOODLIEF & RUSH, P.A.

                              By: _____
                                        BRIAN P. RUSH
                                        Florida Bar No. 359203
                                        3411 W. Fletcher Avenue, Suite B
                                        Tampa, FL 33618
                                        (813) 963-1586 (Telephone)
                                        (813) 265-2041 (Facsimile)
                                        Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of February, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      _____
                                                      BRIAN P. RUSH, ESQUIRE

**Beck S. Fineman, Esquire**
Ryan Ryan Deluca, LLP
707 Summer Street
Stamford, CT 06901
203-357-9200
Fax: 203-357-7915
Email: bsfineman@ryandelucalaw.com

**Charles A. Deluca, Esquire**
Ryan Ryan Deluca, LLP
707 Summer Street
Stamford, CT 06901
203-357-9200
Fax: 203-357-7915
Email: cdeluca@ryandelucalaw.com

**Robert O. Hickey, Esquire**
707 Summer Street
Stamford, CT 06901
203-357-9200
Fax: 203-778-8329
Email: rohickey@ryandelucalaw.com

**Charles P. Reed, Esquire**
Loughlin Fitzgerald, P.C.-Wallingford
150 South Main Street
Wallingford, CT 06492
203-265-2035
Fax: 203-269-3487
Email: creed@lflaw.com

**James Ringold, Esquire**
Loughlin Fitzgerald, P.C.- Wallingford
150 South Main Street
Wallingford, CT 06492
203-265-2035
Fax: 203-269-3487
Email: jringold@lflaw.com

**John Jowdy, Esquire**
67 West Street
Danburry, CT 06810
203-792-1677
Fax: 203-357-7915
Email:johnjowdy@jowdylaw.com

G:COLON/PLEADCOLON/R4J.MEDICAL BILLS.021116