UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON AYALA, ET AL | CIVIL ACTION NO. 3:13-cv-00325 (JAM) |
| PLAINTIFFS, | |
| v. | |
| METRO-NORTH COMMUTER RAILROAD COMPANY, ET AL | February 15, 2016 |
| DEFENDANTS, | |
| v. | |
| UNITED ILLUMINATING COMPANY | |
| THIRD PARTY DEFENDANTS. | |

_____/

### LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF PLAINTIFF OMAR COLON'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REASONABLE AND CUSTOMARY HOSPITAL AND MEDICAL BILLS RENDERED TO PLAINTIFF

Plaintiff, MILTON OMAR COLON, by and through his undersigned counsel, hereby files this Local Rule 56(a)(1) Statement in Support of Plaintiff Omar Colon's Motion for Partial Summary Judgment regarding Reasonable and Customary Hospital and Medical Bills Rendered to Plaintiff, and states:

### LOCAL RULE 56(a)(1) STATEMENT

### Omar Colon's Injury Incident on March 17, 2011

1. On the morning of March 17, 2011, Omar Colon left his wife's apartment and walked to the MAAS Clinic in New Haven, Connecticut where he received his normal dose of methadone as part of a lawful methadone treatment program. See, Colon's Initial Responses to Defendants' First Set of Interrogatories, dated June 27, 2013 (Colon Int. Resp.), at Colon Int. Resp. #22, on pages 36-37. **Exhibit "113."** The daily methadone medication caused Colon discomfort and loss

of appetite which he treated by consuming marijuana. Approximately one (1) hour before Colon began walking through the wildlife area, Colon consumed a single marijuana cigarette to calm his stomach. Colon Int. Resp. #22, on pages 36-37. **Exhibit "113."**

2.  Colon has received medical methadone treatment from MAAS for a number of years before 2011 and Colon has a built up a tolerance to his daily methadone dose, such that Colon does not become intoxicated from his medicinal dose of methadone, even though it does cause him stomach upset. Powers Affd. paragraphs 13, 19, 20 and 21 **Exhibit "101".**

3.  Colon was **not** intoxicated and **not** impaired in any way at the time of the subject accident, especially by smoking the marijuana or by receiving his methadone treatment. Powers Affd. para. 19, 20 and 21 **Exhibit "101"**.

4.  By the time Colon traveled to Tower #1043, Colon was no longer having any substantial effect from the consumption of the single marijuana cigarette. Colon Int. Resp. #22, on pages 36-37. **Exhibit "113."** In the 48 hours before the March 17, 2011 accident, Colon did not consume any alcoholic beverages, drugs, medications or recreational street drugs except his daily dose of methadone and his daily consumption of a marijuana cigarette. Colon Int. Resp. #22, on page 36-37; See, Colon's Supplemental Answers to Defendants' First Set of Interrogatories, dated May 15, 2014 (Colon Supp. Ans.). Colon Supp. Ans. #22, on pages 32-33. **Exhibit "113".**

5.  At the time that Colon climbed Tower #1043, he was alone. Colon Int. Resp. #18, on page 31. As Colon was walking through the recreation area in a wildlife field, Colon saw "a group of beautiful deer that were playing in the field." Colon lost sight of the deer. Thereafter, Colon saw a tower which he could climb, to watch the "beautiful deer play." Colon Int. Resp. #10, on pages 19-20. **Exhibit "113".**

6.  After Colon lost sight of the family of deer, Colon saw Catenary Structure #1043, and Colon walked toward Catenary Structure #1043. Colon entered onto a well-worn path located on the Metro-North right of way a short distance from Catenary Structure #1043. This well-worn

path is frequently used by local residents as an urban pathway. <u>See</u>, Affd. of Heriberto Rodriguez, attached to this Statement as **Exhibit "22"**; <u>See</u>, Affd. of Bob Thompson, attached to this Statement as **Exhibit "23."**

7.  Colon only climbed to the first metal platform approximately 45 feet above the ground level, and did <u>not</u> climb above that first platform. Colon Dep. pp. 109-111, excerpt attached to this Statement as **Exhibit "116."**

8.  Once Colon reached the first platform at a height of approximately 45 feet, Colon was facing the tower that he had just climbed up. Thereafter, he stepped off of the tower and stepped onto the platform but was holding onto the tower "with both hands." Thereafter, Colon let his <u>left</u> hand go, held the pole with his <u>right</u> hand, and turned his head to look for the animals. Colon Dep. p. 109-110. **When Colon turned to look for the animals, he felt "a thousand sensations all in one [...] I felt like I was kind of cooking" [...] "I felt like a heatwave and then I slipped."** Colon Dep. pp. 110-111, excerpt attached as **Exhibit "116."**

### <u>Colon's Injuries</u>

9.  Colon sustained injuries including amputation of his legs with resulting pain syndromes. Plaintiff sustained severe burns from below his chest and back to his feet, significant muscle removal and excision and skin grafts on his mid torso, genitalia, and below his waist, with significant nerve damage to his body. <u>See</u>, Plaintiffs' Supplemental and Amended Answers to Defendants Interrogatories, attached as **Exhibit "117."** Additionally, Plaintiff suffered significant brain injury and neurological injuries from high voltage electricity, heart stoppage, and repeated surgery anesthesia. Affidavit of Wade Myers, M.D., **Exhibit "1."**

10. The burn unit photographs of Omar Colon taken at the Bridgeport Hospital Burn Unit shortly after Omar Colon's admission for treatment of his injuries arising from the subject March 17, 2011 injury incident show extensive and indisputable injuries **Exhibit "118."**

3

11. During Omar Colon's description of his injuries and loss of function, Mr. Colon described many problems with his mental and physical functions since the accident. Omar Colon struggles with a great deal of constant physical pain, particularly his back and leg areas, with phantom toe pain. Wade Myers, M.D. Affidavit, para. 21, **Exhibit "1".**

12. Omar Colon's medical and psychiatric history since the accident involves bilateral above the knee amputations, multiple back surgeries and multiple skin grafts for his burns. Omar Colon was in the hospital burn unit for approximately five (5) months, and Mr. Colon faces additional surgeries because of difficulties in fitting his prosthetics. Wade Myers, M.D. Affidavit, para. 24, **Exhibit "1".**

### Hospital and Medical Bills

13. True and correct copies of the hospital and medical bills from Yale-New Haven Hospital in regard to treatment Omar Colon received after the March 17, 2011 incident are attached to the Affidavit of Kristen Braman, attached as **Exhibit "119,"** and are attached to the Affidavit of Andrew Yuan, D.O., attached as **Exhibit "120,"** and are attached to Plaintiffs' Request for Judicial Notice Regarding Medical and Hospital Bills (Docket #228-#229).

14. True and correct copies of the hospital and medical bills from Bridgeport Hospital in regard to treatment Omar Colon received after the March 17, 2011 incident are attached to the Affidavits of Kristen Braman, attached as **Exhibit "119,"** and are attached to the Affidavit of Andrew Yuan, D.O., attached as **Exhibit "120,"** and are attached to Plaintiffs' Request for Judicial Notice Regarding Medical and Hospital Bills (Docket #228-#229).

15. The Affidavit of Andrew Yuan, D.O. confirms that the Yale New Haven Hospital records and bills from the March 17, 2011 incident in the amount of **$35,767.59** and the Bridgeport Hospital records and bills from the March 17, 2011 incident in the amount of **$2,055,763.18** are reasonable and customary. The Affidavit of Andrew Yuan, D.O. also confirms that he would typically rely on the above bills, and that these bills are for reasonably necessary and customary

4

medical and hospital treatment and that these bills are customary and reasonable charges, such that these bills are reasonable and customary. A copy of the Affidavit of Andrew Yuan, D.O., is attached as **Exhibit "120."** <u>See</u>, Andrew Yuan, D.O. Affidavit, paras. 12-16, **Exhibit "120"**.

**Plaintiff's Request for Judicial Notice Regarding Reasonable and Customary**
**Hospital, Medical and Ambulance Bills and Services**

16. The Yale New Haven Hospital records and bills from the March 17, 2011 incident in the amount of **$35,767.59** and the Bridgeport Hospital records and bills from the March 17, 2011 incident in the amount of **$2,055,763.18** are reasonable and customary. The above bills, and that these bills are for reasonably necessary and customary medical and hospital treatment and these bills are customary and reasonable charges, such that these bills are reasonable and customary. **See**, Plaintiff Omar Colon's and Arlene Davis' Request for Judicial Notice Regarding Colon's New Haven Hospital/medical and hospital bills and Bridgeport Hospital/medical and hospital bills **(Docket #228-#229).**

WOODLIEF & RUSH, P.A.

By:            _Bri P. Rush_____

BRIAN P. RUSH, ESQUIRE ct29098
3411 W. Fletcher Avenue, Suite B
Tampa, Florida 33618
(813) 963-1586 (Telephone)
(813) 265-2041 (Facsimile)
brianprush.tampa@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of February, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

FOR THE PLAINTIFFS
MILTON OMAR COLON AND
ARLENE DAVIS

WOODLIEF & RUSH, P.A.

By:

_Brian P. Rush_

BRIAN P. RUSH, ESQUIRE ct29098
3411 W. Fletcher Avenue, Suite B
Tampa, Florida 33618
(813) 963-1586 (Telephone)
(813) 265-2041 (Facsimile)
brianprush.tampa@gmail.com

**Beck S. Fineman, Esquire**
Ryan Ryan Deluca, LLP
707 Summer Street
Stamford, CT 06901
203-357-9200
Fax: 203-357-7915
Email: bsfineman@ryandelucalaw.com

**Charles A. Deluca, Esquire**
Ryan Ryan Deluca, LLP
707 Summer Street
Stamford, CT 06901
203-357-9200
Fax: 203-357-7915
Email: cdeluca@ryandelucalaw.com

**Robert O. Hickey, Esquire**
707 Summer Street
Stamford, CT 06901
203-357-9200
Fax: 203-778-8329
Email: rohickey@ryandelucalaw.com

**Charles P. Reed, Esquire**
Loughlin Fitzgerald, P.C.-Wallingford
150 South Main Street
Wallingford, CT 06492
203-265-2035
Fax: 203-269-3487
Email: creed@lflaw.com

**James Ringold, Esquire**
Loughlin Fitzgerald, P.C.- Wallingford
150 South Main Street
Wallingford, CT 06492
203-265-2035
Fax: 203-269-3487
Email: gpierson@lflaw.com

**John Jowdy, Esquire**
67 West Street
Danburry, CT 06810
203-792-1677
Fax: 203-357-7915
Email:johnjowdy@jowdylaw.com

G:COLON/PLEAD/RULE56.011816