# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON and ARLENE DAVIS,<br>    *Plaintiffs*,<br><br>v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Defendants*.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Third-Party Plaintiffs*,<br><br>v.<br><br>UNITED ILLUMINATING COMPANY,<br>    *Third-Party Defendant*. | No. 3:13-cv-00325 (JAM) |

## RULING DENYING MOTION FOR CERTIFICATION TO APPEAL AND MOTION FOR RECONSIDERATION

Defendants have moved pursuant to 28 U.S.C. § 1292(b) for leave to take an interlocutory appeal of my ruling denying cross-motions for summary judgment. *See Colon v. Metro-North Commuter R.R. Co.*, 2017 WL 987844 (D. Conn. 2017). Defendants also move for reconsideration of my decision requiring defendants to pay plaintiffs' attorneys fees for conducting an additional Rule 30(b)(6) deposition. For the reasons that follow, I will deny both motions.

## BACKGROUND

As discussed in my prior ruling, plaintiff Milton Omar Colon was severely injured after climbing a catenary tower located along the railroad tracks in New Haven, Connecticut. I concluded that a triable issue existed as to whether plaintiff was injured as a result of a hidden danger—an "arc" electric shock from electrical wires that were near plaintiff on the tower—and that, notwithstanding plaintiff's status as a trespasser on railroad property, genuine fact issues remained to allow for a jury verdict of liability against defendants under three different theories of potential liability: the "constant intrusion" exception of the Restatement (Second) of Torts § 335, the "child trespasser" exception of the Restatement (Second) of Torts § 339, and the "highly dangerous condition" exception of the Restatement (Second) of Torts § 337.

I also found that defendants had not appropriately identified and produced a Rule 30(b)(6) witness who was qualified to discuss "the inspection, repair and maintenance of the metal structure of [the tower] and its warning signs." I required defendants to disclose and make available such a witness for deposition, and I further ordered that defendants shall pay for plaintiffs' costs and attorney's fees to prepare for and attend the deposition. Following my ruling, defendants have identified an additional Rule 30(b)(6) witness who will be subject to deposition on April 11, 2017.

## DISCUSSION

Defendants have now moved pursuant to 28 U.S.C. § 1292(b) for leave to take an interlocutory appeal of my summary judgment ruling and for a stay pending appeal. Defendants have also moved for reconsideration of my decision to require them to pay the costs and attorney's fees for the deposition of their Rule 30(b)(6) witness.

### *Motion for Leave to Certify for Appeal*

This Court may certify an otherwise non-appealable order for interlocutory review if the order "[1] involves a controlling question of law as to which [2] there is substantial ground for

difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (internal brackets added). Certification is permitted "only when [the] three enumerated factors suggesting importance are all present." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1696 (2015). Even if a district court certifies an order for appeal under § 1292(b), the party seeking review "still has the burden of persuading the court of appeals" to take the appeal, and "[t]he appellate court may deny the appeal for any reason, including docket congestion." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Defendants seek appellate review of the following four questions of law, namely (1) whether the "child trespasser" exception applies to persons over the age of 18 years old; (2) whether the "constant intrusion" or "child trespasser" exceptions apply where numerous risks are obvious but where one or more other risks is hidden; (3) whether evidence of trespass in the general area of a structure, or on other structures in the area, satisfies the requirements of the "constant intrusion" exception; and (4) whether the "constant intrusion" exception can be proven absent any evidence as to the date, of frequency of, or circumstances surrounding prior alleged intrusions.

As to the first issue (the existence of a fixed age limit for the "child trespasser" exception), even if I were to agree that there is a controlling question of law about which there is a substantial difference of opinion, I do not agree that an interlocutory resolution of this issue would materially advance the ultimate termination of this litigation. The "child trespasser" exception is but one of three closely related theories of liability for which evidence will be presented at trial, and the remaining two theories ("constant intrusion" and "highly dangerous condition") do not depend on plaintiff's age. Defendants have not otherwise shown why

3

plaintiff's mental condition would not be relevant and admissible at trial as to all three of the potential theories of liability. Accordingly, even if an appeal were to rule out the "child trespasser" theory of liability, the appeal would not materially advance the litigation because the trial would go forward on essentially the same evidence on the two alternative theories of liability. *See Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 87 (2d Cir. 1992) (interlocutory appeal does not materially advance termination of the litigation where "many of the same factual issues relevant to that [issue] would still have to be litigated").

As to the second stated ground for appeal (whether the "constant intrusion" or "child trespasser" exceptions apply if numerous risks are obvious but one risk is hidden), I am not convinced that there is a substantial ground for a difference of opinion on this issue. Defendants have not identified any case authority stating as a matter of law that a landowner is immunized from liability for an injury that results from a hidden danger on the property if the property also happens to have other dangerous conditions that are not hidden. None of the cases cited by defendants (Doc. #277 at 5–6) involve injury from "arc" electrical shock; instead, the cases cited by defendants involve plaintiffs who were injured by dangers that were obvious or manifest.

As to the two remaining proffered grounds for appeal, both these issues as framed are highly evidence-based and fact-bound. They concern the type and quantum of evidence necessary to prove the "constant intrusion" exception (*e.g.*, the geographical proximity of and frequency of intrusion). Defendants have not identified any division among courts about these very particular questions, and an appeal at this time would be premature in the absence of a full evidentiary record as may be developed at trial.

***Motion for Reconsideration***

On August 5, 2014, I ordered defendants to

> identify at least one person who is responsible for [patrolling, inspecting, repairing, maintaining the catenary structure and warning sign attached to the subject Tower #1043], so a total of at least four people, who is responsible: the patrol person, the inspection person, the repair person, and the maintaining person. Maybe it's one person who has dual roles there. That's adequate to allow [plaintiffs' counsel] to do a deposition of that person, and he can ask who else does this.

Doc. #103 at 28–29. In the event "a single person . . . would be knowledgeable about each of those areas," one person would be sufficient. *Id.* at 29. As stated in my summary judgment ruling, I found that defendants had not identified an appropriate Rule 30(b)(6) witness, and I ruled that defendants must do so and are liable for the costs and attorney's fees stemming from their earlier failure to do so.

Defendants have not adduced any facts or law that were not already asserted in prior motion papers or that I overlooked; nor have they shown any clear error or manifest injustice that will result from adherence to the Court's prior decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Accordingly, I will deny defendants' motion for reconsideration. To the extent that defendants may dispute the amount of costs and attorney's fees claimed by plaintiffs, defendants may raise any such objection after plaintiffs' counsel submits a request to defendants for reimbursement of costs and fees incurred in connection with the deposition of defendants' Rule 30(b)(6) witness. As I indicated in a teleconference with the parties today, this Rule 30(b)(6) deposition shall be limited to not more than seven (7) hours. Any reimbursement request by plaintiffs for costs and fees shall be limited to costs and fees that were reasonably necessary to the substantive preparation for and conducting of this single deposition, rather than for any other case-related activities or the time and costs incurred by plaintiffs' counsel to litigate the scope of this deposition and the recent filing of plaintiffs' motion for court intervention (Doc. #286).

## CONCLUSION

For the foregoing reasons, defendants' motion for leave to certify an interlocutory appeal and for a stay of proceedings (Doc. #276) is DENIED, and defendants' motion for reconsideration of the Court's discovery costs/fees order (Doc. #278) is DENIED.

It is so ordered.

Dated at New Haven, Connecticut, this 10th day of April 2017.

    /s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge