# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON and ARLENE DAVIS,<br>    *Plaintiffs*,<br><br>v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Defendants*.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Third-Party Plaintiffs*,<br><br>v.<br><br>UNITED ILLUMINATING COMPANY,<br>    *Third-Party Defendant*. | No. 3:13-cv-00325 (JAM) |

## RULING ON PENDING MOTIONS *IN LIMINE*

In accordance with the reasons stated on the record during the pretrial conference on June 1, 2017, the Court issues the following orders:

(1) Plaintiffs' motion to preclude MTA police reports and/or evidence of copper theft (Doc. #322) is GRANTED in part and DENIED in part. The motion is GRANTED as to Exh. 515, DENIED as to Exh. 518, and DENIED as to Exh. 516, which will be admitted at trial if defendants lay a proper foundation pursuant to Fed. R. Evid. 803(6) or any other exception to the hearsay rules. The motion is DENIED as moot as to Exh. 517, in light of defendants' representation that the exhibit will be used, if at all, only to refresh a witness's recollection, but without prejudice to renewal in the event defendants determine at a later time that they intend,

contrary to their representations, to offer the exhibit. The motion to preclude testimony about Colon's possible copper theft or attempt to steal MTA property is GRANTED. Defendants shall not elicit testimony or attempt to show that Colon was on defendants' property to commit a crime or steal copper wire.

(2) Plaintiffs' motion *in limine* to allow various summaries (Doc. #323) is GRANTED in the absence of any suggestion that the summaries are factually inaccurate.

(3) Plaintiffs' motion to compel defendants to accept trial subpoenas (Doc. #360) is GRANTED subject to the understanding that defendants will facilitate service of process by setting up a time and place for service of the witnesses, but will not themselves accept service of process.

(4) Plaintiffs' motions for judicial notice regarding the authentication of photographs and pediatrician records, and regarding the proximity of schools and playgrounds (Docs. #350, #351, #353) are DENIED without prejudice to renewal in the event the exhibits and testimony have not been admitted through conventional means at trial, *i.e.*, by presenting witnesses and laying a proper foundations, as is custom during a trial. Plaintiffs' motion for judicial notice regarding the unreliability of urine toxicity tests (Doc. #352) is DENIED as not the proper subject of judicial notice.

(5) Defendants' motion to preclude testimony of late-disclosed witnesses (Doc. #325) is DENIED, except that defendants are permitted to depose the witnesses identified in the motion within the next 30 days, with each deposition not to exceed two hours in duration.

(6) Defendants' motion to preclude evidence regarding the MTA's duty to patrol (Doc. #328) is GRANTED insofar as plaintiffs do not assert that the MTA owed Colon a duty to

patrol. The parties remain free to inquire into the MTA's policing activities, and their efficacy, as relevant to other issues in the case.

(7) Defendants' motion to preclude evidence about constant intrusion and/or limit the geographic scope of evidence of trespassing (Doc. #331) is DENIED, subject to plaintiffs' representation that physical and testimonial evidence regarding trespass along the right-of-way will be limited, geographically, to within one-mile in either direction of Tower #1043. Evidence from the FRA Casualty Reports will not be limited geographically.

(8) Defendants' motion to preclude the testimony of Carl Berkowitz, Ph.D, P.E. (Doc. #332) is GRANTED in part and DENIED in part. The motion is GRANTED insofar as Berkowitz may not comment on the evidence in a manner not requiring expertise, such as on topics (1), (2), (3), (4), and (5) of Doc. #371 at 2. The motion is also GRANTED insofar as Berkowitz may not testify about applicable legal standards, such as topic (6) of Doc. #371 at 2, to the extent that such standard is not incorporated into Berkowitz's opinion concerning the industry standard of care. The motion is otherwise DENIED with respect to Berkowitz's opinions about accepted industry standards for the safety precautions at issue, *see* Doc. #371-2 at 35–37, particularly because defendants do not dispute that Berkowitz is qualified to opine on those standards. Berkowitz may also testify about the application of any accepted industry standards to defendants, and about the use of effective warnings if that use is tied to his testimony on accepted industry standards. If plaintiffs intend to have Berkowitz interpret photographs, they must lay a foundation for why expert testimony is needed, and why Berkowitz is qualified as an expert to interpret those photographs.

(9) Defendants' motion to preclude the testimony of Elliot Stern, Ph.D (Doc. #333) is GRANTED in part and DENIED in part. The motion is GRANTED insofar as Stern may not

comment on the evidence in a manner not requiring expertise, such as on topics (1), (2), (3), (4), and (5) of Doc. #372 at 2. The motion is also GRANTED insofar as Stern may not testify about applicable legal standards, such as topic (6) of Doc. #372 at 2, to the extent that such standard is not incorporated into Berkowitz's opinion concerning the industry standard of care. The motion is otherwise DENIED as to Stern's accident-reconstruction testimony, as well as topics (7) and (8) of Doc. #372 at 2 as they relate to accepted industry standards for electrical issues, with the understanding that defendants have not challenged Stern's expertise in these matters and subject to the same general limits as set forth with respect to Berkowitz.

(10)　Defendants' motion to preclude photographs obtained by plaintiffs' counsel without defendants' consent (Doc. #340) is DENIED, but defendants may inquire on cross-examination about how the photographs were obtained, if that information is relevant.

(11)　Defendants' motion to preclude evidence about spoliation of the path (Doc. #343) is GRANTED in part and DENIED in part. The motion is GRANTED as to any evidence about alleged bad faith conduct or culpability of defendants in covering the path by performing track maintenance, but DENIED so as to allow evidence about the fact that defendants caused the path to be covered if that evidence relates to, for example, inability of expert witnesses to make observations at a certain time.

(12)　UI's motion to preclude evidence that UI was negligent or owed a duty of care to Colon (Doc. #315) is GRANTED, without prejudice to Metro-North's ability to assert that any duty it might have owed was instead owed by UI.

The remaining pre-trial motions (Docs. #321, #326, #327, #339, #329, #330, #345, #316) have been taken under advisement.

It is so ordered.

Dated at New Haven, Connecticut, this 2nd day of June 2017.

                                                                              **/s/ *Jeffrey Alker Meyer*** 
                                                                              Jeffrey Alker Meyer 
                                                                              United States District Judge