UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON AYALA AND ARLENE DAVIS | CIVIL ACTION NO.: 3:13-CV-00325 (JAM) |
| PLAINTIFFS, | |
| v. | |
| METRO-NORTH COMMUTER RAILROAD COMPANY AND METROPOLITAN TRANSPORTATION AUTHORITY, | JULY 19, 2017 |
| DEFENDANTS | |
| v. | |
| UNITED ILLUMINATING, | |
| THIRD PARTY DEFENDANT. | |

**DEFENDANTS METRO-NORTH COMMUTER RAILROAD COMPANY'S AND METROPOLITAN TRANSPORTATION AUTHORITY'S MOTION IN LIMINE REGARDING ARGUMENTS AT TRIAL CONCERNING THE CONDUCT OF METRO-NORTH COMMUTER RAILROAD COMPANY AND METROPOLITAN TRANSPORTATION AUTHORITY**

The defendants, Metro-North Commuter Railroad Company ("Metro-North") and Metropolitan Transportation Authority ("MTA"), move the court in limine, pursuant to Fed. R. Evid. 401, 402 and 403, to preclude as irrelevant, prejudicial, and inadmissible, any argument and/or suggestion from counsel that the jury, when considering compensatory damages for the plaintiff Omar Milton Colon, should weigh "sending a message," "punishing," "penalizing," "disciplining," "making sure this never happens again," or "holding accountable" Metro-North or the MTA, or other similar arguments.

The basis for this motion is that this Court previously granted summary judgment in favor of defendants Metro-North and the MTA with respect to Count Two of the plaintiff's Complaint, wherein plaintiff alleged that Metro-North and the MTA engaged in "willful, wanton or reckless conduct." See Rulings on Motion for Summary Judgment (Doc. 274). Specifically, this Court found that "[n]o reasonable jury could conclude that Metro-North or the MTA intended to or wanted to harm plaintiff," and "there is no genuine fact issue to suggest that defendants engaged in willful, wanton or reckless conduct by not taking greater precautions to deter trespassers from climbing catenary towers." Id. In light of the foregoing, any argument or suggestion that Metro-North or the MTA should be "punished," would suggest that Metro-North and the MTA acted recklessly or intended to harm the plaintiff, which is not only contrary to this Court's ruling, but highly prejudicial and misleading to the jury.

Indeed, the issue of improper argument as to the character of the defendant's conduct or ways in which the plaintiff should be compensated as a way of affecting the defendant's conduct was decided in the Second Circuit decision of Pescatore v. PAN AM, 97 F.3d 1 (2d Cir. 1996). In Pescatore, the trial court bifurcated the issues of liability and damages against the defendant Pan-Am stemming from the 1988 terrorist attack on board the Pan-Am flight in Lockerbie, Scotland. The liability jury returned a verdict finding willful misconduct on the part of the defendant, but before the trial in damages, the district court denied Pan Am's motion in limine to exclude, among other things, reference at trial to the finding of willful misconduct made by the liability jury. The court then apprised the jury in the damages portion of the trial as to the willful misconduct on the part of the defendant, and allowed plaintiff's counsel's argument to reference the same, essentially defeating the purpose of the bifurcated jury. In finding an abuse of discretion, the Second Circuit determined:

> Under the Federal Rules of Evidence, evidence is admissible if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see also Fed. R. Evid. 402. The only issue before the jury in this case was the issue of compensatory damages. Only evidence relevant to that issue should have been admitted. Because compensatory damages are awarded to compensate the plaintiff, **and not to punish the defendant**, see Restatement (Second) of Torts § 903 (1979), **evidence showing the extent of the plaintiff's loss is relevant, while evidence characterizing the misconduct of the defendant is not**. See Sanford v. Johns-Manville Sales Corp., 923 F.2d 1142, 1146 (5th Cir. 1991) (in damages trial, "the gross negligence finding was irrelevant to the task of the [compensatory damages] jury").

See id. at 16 (Emphasis added). Thus, when the trial court apprised the jury of the fact that there was a finding of willful misconduct on the part of the defendant, and further allowed plaintiff's counsel to use the finding in his argument to the jury as to compensatory damages for the plaintiff, "it became impossible for the court to limit the emotional resonance and exploitation of the phrase once the phrase was used." See id. at 17.

As was the case in Pescatore, any argument or suggestion that the jury should weigh "sending a message," "punishing," "penalizing," "disciplining," "making sure this never happens again," or "holding accountable" Metro-North or the MTA, or other similar arguments, should be forbidden by the Court. Such arguments or suggestions would be extremely prejudicial and would fly in the face of this Court's ruling that there is no evidence to support plaintiff's claims that Metro-North or the MTA engaged in willful, wanton or reckless conduct. Arguments from counsel that would tend to confuse or district the jury from its sole responsibility of weighing the fair, just and reasonable amount of compensation for the plaintiff have no place in this trial.

Accordingly, for all of the foregoing reasons, Metro-North and the MTA respectfully move for an order in limine precluding counsel from offering at the time of trial any argument or suggestion that the jury weigh Metro-North's or the MTA's conduct when considering compensatory damages for the plaintiff.

DEFENDANTS,
METRO-NORTH COMMUTER RAILROAD
COMPANY and METROPOLITAN
TRANSPORTATION AUTHORITY

By: _____/s/_____
Beck S. Fineman, Esq. (ct27648)
Ryan Ryan Deluca LLP
1000 Lafayette Boulevard, Suite 800
Bridgeport, CT 06604
Phone: 203-549-6650

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Beck S. Fineman, Esq.