UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MILTON OMAR COLON AYALA AND ARLENE DAVIS** | **CIVIL ACTION NO.:  3:13-CV-00325 (JAM)** |
| **PLAINTIFFS,** | |
| v. | |
| **METRO-NORTH COMMUTER RAILROAD COMPANY AND METROPOLITAN TRANSPORTATION AUTHORITY,** | **AUGUST 2, 2017** |
| **DEFENDANTS** | |
| v. | |
| **UNITED ILLUMINATING,** | |
| **THIRD PARTY DEFENDANTS.** | |

### DEFENDANTS METRO-NORTH COMMUTER RAILROAD COMPANY'S AND METROPOLITAN TRANSPORTATION AUTHORITY'S MOTION TO QUASH AND MODIFY CORPORATE REPRESENTATIVE SUBPOENAS

Pursuant to Fed. R. Civ. P. 45(d)(3), the defendants, Metro-North Commuter Railroad Company ("Metro-North") and Metropolitan Transportation Authority ("MTA"), hereby respectfully move to modify and/or quash several subpoenas requiring corporate representatives to testify at trial.

First, Metro-North and the MTA move to modify the subpoenas requiring Stephen Berrang and Phil Wilhelmy to testify as corporate representatives at trial. Copies of both subpoenas, dated July 27, 2017, are attached hereto as "Exhibit A." Specifically, the appearance dates of "August 7-25, 2017" are overly broad and unduly burdensome because both witnesses

would be taken away from their full-time responsibilities at Metro-North and the MTA for nearly three weeks. Instead, Metro-North and the MTA request that the appearance dates be limited to no more than two consecutive days for each witness, in order to minimize disruptions to the business operations of Metro-North and the MTA. The earliest date that Mr. Berrang can appear is August 8, 2017.

Second, Metro-North and the MTA move to quash the subpoenas requiring unidentified corporate representatives from both Metro-North and the MTA to testify at trial. Copies of both subpoenas, dated July 27, 2017, are attached hereto as "Exhibit B." The subpoenas request that Metro-North and the MTA designate corporate representatives to testify about topics identical to those set forth in the subpoenas issued to Mr. Wilhelmy and Mr. Berrang, including the following:

1. the 1985 Amended and Restated Service Agreement between the Connecticut Department of Transportation ("CDOT"), Metro-North and the MTA;
2. the 2003 Transmission Line Agreement between CDOT and United Illuminating;
3. the MTA's financial support of Metro-North between 2010 and 2011;
4. the MTA's administrative control over Metro-North between 2010 and 2011;
5. the MTA Police Department's policing and patrolling of the right-of-way;
6. United Illuminating's transmission lines attached to Catenary Tower #1043, and the amount of energy transmitted on United Illuminating's transmission lines, and the extent and beginning/ending point of the transmission lines; and
7. CDOT's policies regarding fencing along the right-of-way.

See Exhibits A and B. Metro-North and the MTA object to the subpoenas on three grounds: (1) the subpoenas are inconsistent with Fed. R. Civ. P. 45, which does not provide for trial testimony

through corporate representatives; (2) the testimony of these unidentified corporate representatives is unnecessary and cumulative in light of the anticipated testimony of Mr. Wilhelmy and Mr. Berrang; and (3) the topics set forth above are overly broad, vague and unduly burdensome.

Plaintiffs' counsel is attempting to elicit corporate representative testimony at trial akin to deposition testimony permitted under Fed. R. Civ. P. 30(b)(6) by issuing trial subpoenas pursuant to Fed. R. Civ. P. 45. Such subpoenas are inappropriate, however, because Rule 45 "requires the party to specify the ʻpersonʼ who is being subpoenaed, and to serve it on that ʻnamed person.ʼ" See Hill v. Homeward Residential, 799 F.3d 544, 553 (6th Cir. 2015) (citing David D. Siegel, *Practice Commentaries to Rule 45*, at C45-9 ("If a particular person in the employ of a corporation or other entity is the person sought as a witness, the subpoena should of course be delivered to that person.")). Moreover, Rule 45 does not provide for trial testimony of a corporate representative in a comparable manner to Rule 30(b)(6):

> Rule 30(b)(6) specifically applies to the deposition of a corporation. Rule 45 of the Federal Rules of Civil Procedure provides the proper procedure by which a person may be compelled to testify at a trial.  There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial.

See Hill v. AMTRAK, Civil Action No. 88-5277, 1989 U.S. Dist. LEXIS 9011, at *1-2 (E.D. La. Jul. 28, 1989) (granting motion to quash subpoena because "plaintiff has not pointed the Court to any specific authority allowing such a procedure nor has the Court found any authority supporting the plaintiff's position."); see also Dopson-Troutt v. Novartis Pharmaceuticals Corp., 295 F.R.D. 536 (M.D. Fla. 2013); Donoghue v. County of Orange, 848 F.2d 926, 932 (9th Cir. 1987) ("We have discovered no authority, and [plaintiff] cites none, for the proposition that the

Rule 30 standards should govern Rule 45 subpoenas of witnesses."). Based on the foregoing, the Court should quash the subpoenas because they are improper under Rule 45.

Even if the subpoenas are appropriate under Rule 45, which Metro-North and the MTA expressly deny, they are unnecessary and cumulative in light of the anticipated testimony of Phil Wilhelmy and Stephen Berrang. As discussed above, because the topics set forth in the corporate representative subpoenas are identical to those set forth in the subpoenas for both Wilhelmy and Berrang, plaintiffs should be limited to the testimony of these two individuals.

Finally, the subpoenas should be quashed because the topics set forth therein are overly broad and unduly burdensome. First of all, it is highly unlikely that one individual from each organization will have sufficient knowledge on all of the topics set forth in the subpoenas. For instance, knowledge of the "financial support" that MTA provides to Metro-North is grossly different from knowledge of "the amount of energy transmitted on U.I.'s transmission lines." Thus, it is likely that more than one designee from each organization would be needed to testify on all of the topics set forth in the subpoenas.  There is no feasible way for Metro-North and the MTA to identify and prepare multiple witnesses to testify within a week of trial.

In addition, some topics, such as CDOT's "Right of Way Fencing Policy," and "the amount of energy transmitted on U.I.'s transmission lines," would be more appropriately directed to representatives from CDOT or United Illuminating, as opposed to designees from Metro-North or the MTA. Further, many of the topics are extremely vague as worded, thus making it even more difficult for Metro-North and the MTA to comply with the subpoenas. For instance, countless individuals have knowledge of the 1985 Amended and Restated Service Agreement, which has been in existence and administered for over thirty years. As set forth in CDOT's Memorandum in Support of Motion to Quash or Modify Several Subpoenas (Doc. 418),

this topic opens up the possibility of endless questions regarding why specific contract language was used, the history of certain contract clauses, and the manner in which such clauses have been interpreted and administered over the years, just to name a few. As a result, it would be extremely difficult for Metro-North and the MTA to identify witnesses who would have sufficient knowledge to answer all of the possible questions that could result from this one topic, let alone the other six equally vague and problematic topics set forth in the subpoenas.

For all of the foregoing reasons, Metro-North and the MTA respectfully move this Court for an order modifying the subpoenas directed to Phil Wilhelmy and Stephen Berrang, and an order quashing the subpoenas directed to unidentified corporate representatives from Metro-North and the MTA.

DEFENDANTS,
METRO-NORTH COMMUTER
RAILROAD COMPANY and
METROPOLITAN TRANSPORTATION
AUTHORITY

By: _____/s/_____
Robert O. Hickey, Esq. (ct19555)
Ryan Ryan Deluca LLP
1000 Lafayette Blvd., Suite 800
Bridgeport, CT 06604
Phone: 203-549-6650

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Robert O. Hickey, Esq.