# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON and ARLENE DAVIS,<br>    *Plaintiffs*,<br><br>v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Defendants*,<br><br>v.<br><br>UNITED ILLUMINATING COMPANY,<br>*Third-Party Defendant*. | No. 3:13-cv-00325 (JAM) |

## RULING GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND EXCLUDING FEDERAL RAILROAD ADMINISTRATION CASUALTY REPORTS

Defendants Metro-North Commuter Railroad Company ("Metro-North") and Metropolitan Transportation Authority ("MTA") have moved for reconsideration of the Court's prior ruling granting plaintiff's motion *in limine* to allow summaries of Federal Railroad Administration (FRA) casualty reports into evidence. *See* Docs. #411, #381, #323. Defendants argue in principal part that the FRA casualty reports are inadmissible in the absence of proof that the injury incidents described in these reports occurred under substantially similar circumstances to the incident at issue in this case. I agree, and therefore I will grant the motion for reconsideration and will exclude from evidence the FRA casualty reports as well as the accompanying summaries. To the extent that plaintiffs wishes to introduce at trial evidence

1

concerning any prior injury incidents involving defendants, plaintiffs may do so only upon a showing that such injury incidents were substantially similar to the incident at issue in this case.

## BACKGROUND

Plaintiff Omar Colon suffered a severe electrocution injury after he climbed up a catenary pole along the Metro-North railroad tracks in Connecticut. The factual background of this case of has been described in detail in the Court's ruling denying defendants' motion for summary judgment. *See Colon v. Metro-N. Commuter R.R. Co.*, -- F. Supp. 3d --, 2017 WL 987844 (D. Conn. 2017). In anticipation of trial, plaintiff moved *in limine* for an advance declaration from the Court that certain summary evidence would be admissible at trial, including charts summarizing certain casualty reports from the Federal Railroad Administration of previous injury incidents along Metro-North's railroad lines. Doc. #323. The FRA reports are based on information submitted to the FRA by Metro-North. They include information as recorded on boilerplate forms or spreadsheets about the dates and location of certain accidents, the nature of the injury sustained, the age of the person injured, and whether the person injured on railroad property was an employee or a trespasser. The reports are fragmentary and otherwise furnish very little information about how any of the injuries at issue occurred. *See* Doc. #411-1 and #411-2.

On June 1, 2017, the Court granted plaintiff's motion to admit the summary evidence in the absence of any suggestion that the summaries were inaccurate. *See* Doc. #381. Defendants Metro-North and MTA have filed a motion for reconsideration of that ruling, on the grounds that the summary charts of the FRA casualty reports are in fact inaccurate and also more generally on

grounds that the FRA reports are inadmissible in the absence of a showing that the incidents reported are substantially similar to the incident at issue in this case.

## DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7(c), which provides that "such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). This standard is strict: "A motion for reconsideration is justified only where the [movant] identifies an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ayazi v. United Fed'n of Teachers Local 2*, 487 F. App'x 680, 681 (2d Cir. 2012); *Barnett v. Connecticut Light & Power Co.*, 967 F. Supp. 2d 593, 596 (D. Conn. 2013).

Here, I am persuaded that my earlier ruling provisionally admitting the FRA casualty reports and the summaries thereof into evidence was based on a clearly mistaken assumption about the scope of admissible evidence. The rules of evidence do not contemplate that whenever a plaintiff sues a defendant for injuries arising from an accident, the plaintiff is are free to introduce evidence of any prior accidents relating to the defendant. To the contrary, a plaintiff must show that evidence of prior accidents is relevant to plaintiff's claim and also that the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 401, 403.

For this reason, the law requires that prior accidents involving the defendant be the same or at least substantially similar in circumstances to the accident at issue in the case. In the Second Circuit, "[e]vidence of prior accidents may be admitted at trial only if the proponent establishes

their relevance by showing that they occurred under the same or substantially similar circumstances as the accident at issue." *Lidle v. Cirrus Design Corp.*, 505 Fed. App'x 72, 74 (2d Cir. 2012) (internal quotation marks and citation omitted). "Whether a prior accident occurred under 'substantially similar' conditions necessarily depends upon the underlying theory of the case, and is defined by the particular defect at issue." *Ibid.* (internal quotation marks omitted); *see also Edwards v. Consol. Rail Corp.*, 567 F. Supp. 1087, 1105 (D.D.C. 1983) (Oberdorfer, J.) (explaining reasons for the "substantially similar circumstances" rule).

For the reasons set forth in defendants' memorandum, I conclude that plaintiffs have not shown that the incidents detailed in the FRA casualty reports occurred under "the same or substantially similar circumstances" as plaintiff Colon's accident in this case. Plaintiffs propose to introduce two kinds of FRA reports. The first series of reports are boilerplate forms reflecting information about seven electrocution injuries that occurred along the Metro-North railroad line from 1985 to 2011. *See* Doc. #411-1. Of the six reports other than the report for Colon's incident, only three of them state that they pertained to "electrical injury due to contact with catenary." Doc. #411-1 at 3, 5, and 8. These incidents date back more than a quarter century ago to 1985, 1987, and 1991. *Ibid.* The three other reports describe injuries from "Strike/struck by eqp/structure(not bridge/trest," *id*. at 4 [sic], from "Electrical flash, shock, or burn-equipment movin," *id*. at 6 [sic], or do not give a description of the incident whatsoever. Crucially, the only one of the seven reports submitted that states that the injured party was *climbing* a catenary tower was the report for Colon's accident. *Id*. at 9.

The second type of FRA report is a lengthy spreadsheet of injuries along the Metro-North railroad line in New York and Connecticut. *See* Doc. #411-2. Only some of these injuries

involved trespassers and electric shocks. Most of the reported injuries involved railroad employees and do not involve electricity. Some of the injuries involved trespassers but without indication that the injury was due to electrical shock. These reports say nothing about whether the injuries stemmed from contact with or climbing catenary poles.

In short, while the FRA reports do suggest that Metro-North had some history with accidents in which trespassers received electric shock, including three that involved some form of "contact" with a catenary tower more than a quarter century ago, there is no indication from the FRA casualty reports that any of these accidents involved a trespasser who climbed a catenary tower, as plaintiff Colon did, much less an accident that involved a shock from static or arc electricity as plaintiffs have claimed happened here. Therefore I find that these reports do not meet the substantial similarity standard as set forth by the Second Circuit in *Lidle*. *See also Edwards*, 567 F. Supp. at 1106-08 (evidence of non-similar electrical injury incidents not admissible against railroad in case involving electric shock injury from catenary wires), *aff'd*, 733 F.2d 966 (D.C. Cir. 1984); *Hopkins v. Nat'l R.R. Passenger Corp.*, 2016 WL 8711718, at *12 (E.D.N.Y. 2016) (same).

Plaintiff's opposition memorandum relies in part on the deposition testimony of Phil Wilhemy—Metro-North's Rule 30(b)(6) corporate representative—concerning an incident that he personally responded to in 2001 when someone was severely injured after climbing to the top of a catenary tower in Fairfield, Connecticut. Doc. #426 at 2; #426-1 at 14. According to the deposition transcript, however, it is unclear that Wilhemy personally observed the electrocution incident (as opposed to arriving at the scene afterward), and he testified that his understanding was that the person "went through a fence" and that he could "only assume" that they "came into

contact with a Metro-North high-voltage line." Doc. #426-1 at 14. These additional details are not themselves reflected in the FRA casualty report.

In any event, Wilhemy's own description makes clear that this incident in 2001 is not substantially similar to the incident involving plaintiff Colon. Colon does not claim that he evaded a fence or other barrier to climb the catenary tower, and Colon's account is that he was initially electrically shocked *without* having touched the wires themselves. Accordingly, Wilhemy's account of this incident from 2001 would not itself be admissible at trial for lack of a showing that the 2001 incident was substantially similar to the incident at issue in this case.

Plaintiffs' contrary arguments are not convincing. For example, plaintiffs argue that the FRA report incidents are "substantially similar" because "Metro-North uses the <u>same</u> rail system, the <u>same</u> steel rails, the <u>same</u> trains, the <u>same</u> crushed rock ballast, [and] the <u>same</u> gravel spread on the right of way for all of its commuter rail service." Doc. #426 at 4 (emphasis in original). But none of these similarities show that the injury incidents at issue occurred under similar circumstances as the injury to Colon.

Plaintiffs also rely on an unreported decision from the United States District Court for the Eastern District of Pennsylvania that was previously filed on the docket in this case. *See* Doc. #183 (attaching *Klein v. Nat'l Railroad Pass. Corp.* (E.D. Pa. 2008)). That decision is not apposite, because the court there limited the introduction of evidence to substantially similar accidents involving "young males on top of boxcars who suffered burns from catenary wires." *Id.* at 50. Plaintiffs have not established such similarity here.

Plaintiffs also argue that the FRA reports are relevant to the issue of whether there was constant intrusion by trespasssers on the railroad tracks. To the extent that the FRA reports are

6

evidence of past intrusion, I agree that the reports are relevant, but I conclude that the probative value of these reports as to this issue is substantially outweighed by the danger of unfair prejudice from the jury's speculation about the circumstances of other trespasses and injuries. In addition, these reports do not reflect trespasses that occurred near the tower at issue in this case. Moreover, plaintiffs have ample alternative means to introduce evidence of trespass in the vicinity of the tower that Colon climbed and where he was injured.

Plaintiffs otherwise insist that the FRA casualty reports are "highly reliable" and that they constitute "admissions" by Metro-North. Doc. #426 at 1-2. But this argument misses the mark, because the reliability or source of the FRA casualty reports is not germane to whether the FRA casualty reports are otherwise relevant and not unfairly prejudicial.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration (Doc. #411) is GRANTED. The Court excludes from evidence the FRA casualty reports and related summaries (Plaintiff's Exhibits #27 and #28 and underlying data) as well as any other evidence of injuries along the Metro-North rail line in the absence of a showing that these additional casualty incidents occurred under substantially similar circumstances as the incident at issue in this case.

It is so ordered.

Dated at New Haven this 2d day of August 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge