UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MILTON OMAR COLON and ARLENE
DAVIS,
    *Plaintiffs*,

v.

METRO-NORTH COMMUTER
RAILROAD COMPANY, and
METROPOLITAN TRANSPORTATION
AUTHORITY,
    *Defendants*,

v.

UNITED ILLUMINATING COMPANY,
    *Third-Party Defendant*.

No. 3:13-cv-00325 (JAM)

**RULING DENYING DEFENDANT METROPOLITAN TRANSPORTATION AUTHORITY'S MOTION TO DISMISS**

Defendant Metropolitan Transportation Authority ("MTA") moves pursuant to Fed R. Civ. P. 12(b)(6) to dismiss plaintiffs' remaining claims against MTA. *See* Doc. #413. MTA argues in principal part that it cannot be liable, because plaintiffs have abandoned any theory of liability against MTA that is based on MTA's police patrol activity and because MTA cannot otherwise be liable by reason of any theory that it engaged in a joint venture with co-defendant Metro-North Commuter Railroad Company ("Metro-North"). Because I do not agree with MTA's arguments, I will deny the motion to dismiss.

## BACKGROUND

Plaintiff Omar Colon suffered a severe electrocution injury after he climbed up a catenary pole along the Metro-North railroad tracks in Connecticut. The factual background of this case has been described in detail in the Court's ruling on motions for summary judgment. *See Colon v. Metro-N. Commuter R.R. Co.*, -- F. Supp. 3d --, 2017 WL 987844 (D. Conn. 2017). As part of

1

that ruling, the Court held that a "reasonable jury could conclude that the MTA's significant police presence along the railroad right-of-way constitutes 'control' over the property, more so when coupled with the fact that the MTA is a signatory to the contract with the CT DOT and Metro-North, and the fact that it owns Metro-North." *Id*. at *7 (internal citations omitted). Subsequently, at a pretrial conference on June 1, 2017, plaintiffs' counsel stated repeatedly that plaintiffs' claim against MTA was not based on alleged negligence by MTA police officers. *See* Doc. #383 at 27-31, 93-97. Defendant MTA then filed this motion to dismiss all remaining claims against it, arguing that, if plaintiffs are not alleging negligence on the part of MTA's police officers, they have no valid claim against MTA.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014).

### *MTA Police Patrols*

It is undisputed that MTA employed police to engage in patrols along Metro-North's railway tracks including in the area where plaintiff Colon was injured. MTA understands plaintiffs' theory of liability against MTA to rely on the inadequacy of these police patrols to prevent incursions by trespassers. That is not correct. Rather than relying on any *inadequacy* of MTA police patrols, plaintiffs rely on the *presence* of MTA police patrols as evidence of MTA's control of the premises, such that MTA—along with Metro-North—may be subject to liability as possessors of the land where plaintiff Colon was injured. *See Lin v. Nat'l R.R. Passenger Corp.*,

2

277 Conn. 1, 16 n.10 (2006) ("liability in a premises liability case is based solely on control and possession . . ."). Regardless of the adequacy of the MTA's police patrols, the fact of MTA's police presence along the railroad right-of-way is relevant to plaintiffs' overall effort to demonstrate that MTA did in fact control or possess those premises. *See Gazo v. Stamford*, 255 Conn. 245, 249 (2001) ("premises liability . . . requires that the party to be held liable be in control of the property"). If the jury finds that MTA did control the right of way, then MTA may possibly be liable to those injured along the right-of-way under the general principles of Connecticut premises liability law. Accordingly, notwithstanding any statement by plaintiffs that they do not seek to hold MTA liable for having inadequate police patrols, any such statements do not as a matter of law absolve MTA from potential liability in this case.

### *MTA's Joint Venture Liability*

MTA otherwise argues that it may not be held liable on the basis of a joint-venture theory of liability, because any joint venture between MTA and Metro-North was not for the purpose of money-making profit. *See* Doc. #413 at 6. This argument, however, relies on a misunderstanding of Connecticut law. In *Doe v. Yale University*, 252 Conn. 641 (2000), the Connecticut Supreme Court held that Yale University and Yale-New Haven Hospital, two nonprofit organizations, could form a joint venture together. *Id*. at 676-80. The court held that "although a profit motive is often recognized as one factor suggesting the existence of a joint venture, the absence of a profit motive is not fatal, as a matter of law, to the existence of a joint venture," and "nonprofit organizations are not precluded, as a matter of law, from forming joint ventures." *Id*. at 677.[1]

---

[1] Rather than relying on the Connecticut Supreme Court's authoritative interpretation of Connecticut law in *Doe v. Yale University*, MTA relies instead on an unpublished decision of the Second Circuit that in turn relies on a decision of the Connecticut Supreme Court that long pre-dates the decision in *Doe v. Yale University*. *See RIDE, Inc. v. APS Tech., Inc.*, 612 F. App'x 31, 32 (2d Cir. 2015) (citing *Elec. Assocs., Inc. v. Automatic Equip. Dev. Corp.*, 185 Conn. 31 (1981)).

3

Accordingly, there is no merit to MTA's argument that as a matter of Connecticut law it may not be deemed to have engaged in a joint venture with Metro-North. Because MTA's liability may be premised on evidence that it controlled the property and/or its participation in a joint venture with Metro-North, I need not further consider MTA's arguments at this time that its liability may not be premised on its ownership of Metro-North.

## CONCLUSION

For the foregoing reasons, defendant MTA's motion to dismiss is DENIED.

It is so ordered.

Dated at New Haven this 3d day of August 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge