UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON and ARLENE DAVIS,<br>    *Plaintiffs*,<br><br>v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Defendants*,<br><br>v.<br><br>UNITED ILLUMINATING COMPANY,<br>    *Third-Party Defendant*. | No. 3:13-cv-00325 (JAM) |

**RULING GRANTING DEFENDANTS' MOTION IN LIMINE
REGARDING R.C.S.A. § 16-11-102**

Defendants Metro-North Commuter Railroad Company ("Metro-North") and the Metropolitan Transportation Authority ("MTA") have moved *in limine* seeking a declaration that they are not subject to Regulation of Connecticut State Agencies (R.C.S.A.) § 16-11-102, which spells out the scope of the duty owed by utilities to warn and protect the public from danger, and they seek therefore to preclude plaintiffs from offering at trial any evidence, testimony, or argument regarding R.C.S.A. § 16-11-102. Because I agree that R.C.S.A. § 16-11-102 does not apply to defendants Metro-North and the MTA, I will grant the motion (Doc. #329).

**BACKGROUND**

Plaintiff Omar Colon suffered a severe electrocution injury after he climbed up a catenary pole along the Metro-North railroad tracks in Connecticut. The factual background of this case

has been described in detail in the Court's prior ruling on summary judgment motions. *See Colon v. Metro-N. Commuter R.R. Co.*, -- F. Supp. 3d --, 2017 WL 987844 (D. Conn. 2017).

Plaintiffs' complaint relies heavily on R.C.S.A. § 16-11-102(a), which states that "Every utility shall use every effort to properly warn and protect the public from danger and shall exercise all possible care to reduce the hazard to which employees, customers and others may be subjected by reason of its equipment and facilities." *See* Doc. #69 at 2, 8, 15-16, 18, 23-25, 27, 31. In plaintiffs' view, this regulation creates a duty over and above the traditional common law duties of landowners to protect the public (even trespassers) from danger. *See Colon*, 2017 WL 987844, at *4-7 (discussing potentially applicable common law theories of liability). Plaintiffs' claim is in large part that defendants breached this independent regulatory duty, and thereby caused plaintiff Colon's injuries. In anticipation of trial, defendants Metro-North and MTA move *in limine* to preclude all mention of R.C.S.A. § 16-11-102(a), on the grounds that the regulation does not apply to the Metro-North railroad service at all. Doc. #329.

## DISCUSSION

Plaintiffs' argument is simple: R.C.S.A. § 16-11-102(a) spells out a duty of care owed by "utilities." A "utility" in turn is defined under R.C.S.A. 16-11-100(a) as, among other things, a "railroad." Because Metro-North is a railroad, it is subject to § 16-11-102(a). *See* Doc. #69 at 23-24, Doc. #365 at 1.

Defendants' argument is equally simple: Connecticut law provides that "Mass transportation and railroad service operated pursuant to this compact [establishing Metro-North] shall be exempt from state regulation." Conn. Gen. Stat. § 16-344(a). By its plain terms this statute negates the application of R.C.S.A. § 16-11-102(a) or any other Connecticut

administrative regulation to defendants in connection with their operation of the Metro-North railroad line.

Plaintiffs respond that this broad construction of the statute would be absurd, as it would "exempt Metro-North and the MTA from all Connecticut state statutes and all Connecticut State Regulations, even those dealing with environmental regulation, energy regulations, law enforcement regulations and civil rights." Doc. #365 at 2. Plaintiffs urge instead that the statute should be understood to exempt from regulation only the "actual commuter rail service, its schedules and its fares." *Id*. at 7-8.

I do not agree. In *Greenwich v. Connecticut Transportation Authority*, 166 Conn. 337 (1974), the Connecticut Supreme Court interpreted the statute broadly in a case that concerned a suit under a state environmental statute seeking to enjoin emissions from a power plant which generated power for a railroad that was operated under Conn. Gen. Stat. § 16-343, the same provision that authorizes Metro-North today. As the court noted, the resolution of that case "quite obviously depends upon an interpretation of the term 'state regulation' as used in § 16-344." *Id.* at 341. And the court held that § 16-344(a) said what it meant and meant what it said: railroads operated pursuant to § 16-343 are exempt from *all* state regulations, including environmental laws and other rules that do not pertain directly to fares, rates, or schedules. The court specifically rejected the argument that the scope of the exemption created by the statute extended only to "the control of the management of the roads or the fixing of rates which may be charged by the service." *Id.* at 344.

Alas, this is precisely the "unreasonable" result plaintiffs warn against. Doc. #365 at 2. That this case contradicts plaintiffs' theory is made especially clear by the dissenting opinion of Justice Bogdanski, who argued—just as plaintiffs do here—that the exemption conferred by §

16-344 should be construed as solely an exemption from "state regulations which apply specifically to transportation." 166 Conn. at 346 (Bogdanski, J., dissenting); *see also Commission on Human Rights and Opportunities v. Metro-N. Commuter R.R. Co.*, 2010 WL 398637 at *4 (Conn. Super. 2010) (affirming dismissal of state law administrative discrimination complaints against Metro-North in light of the regulatory exemption for Metro-North under Conn. Gen. Stat. § 16-344(a)).

Lastly, plaintiffs have contended at oral argument that, even if Metro-North and MTA are exempt from R.C.S.A. § 16-11-102 for their own operations, the third-party defendant United Illuminating Company ("UI") is not exempt from R.C.S.A. § 16-11-102, and Metro-North and MTA have assumed UI's regulatory duties by virtue of the carrying of UI's wires on their catenary poles. I do not agree. Plaintiffs have not filed a claim against UI, and thus have no basis to allege that UI had duties to them that are relevant to this case. Nor do they point to any evidence or law providing that Metro-North and MTA in fact or in law assumed UI's regulatory duties. If I were to conclude that Metro-North and MTA were saddled with UI's regulatory duties, this would defeat the manifest purpose of the Connecticut legislature not to subject Metro-North and MTA to state regulation.

## CONCLUSION

For the foregoing reasons, defendants' motion *in limine* (Doc. #329) regarding R.C.S.A. § 16-11-102(a) is GRANTED. Plaintiffs are precluded from offering at trial any evidence, testimony, or argument regarding R.C.S.A. § 16-11-102.

4

It is so ordered.

Dated at New Haven this 4th day of August 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge