| | |
|---|---|
| MILTON OMAR COLON and ARLENE DAVIS,<br>     *Plaintiffs*,<br><br>     v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>     *Defendants*,<br><br>     v.<br><br>UNITED ILLUMINATING COMPANY,<br>*Third-Party Defendant*. | No. 3:13-cv-00325 (JAM) |

**RULING ON MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO LIABILITY UNDER THE KNOWN TRESPASSER AND CHILD TRESPASSER RULES**

Plaintiff Omar Colon suffered severe electrocution injuries after he trespassed on railroad property and climbed up high on a catenary pole next to high voltage wires running above the railroad tracks near New Haven, Connecticut. He and his spouse, Arlene Davis, filed a personal injury lawsuit against defendants Metro-North Commuter Railroad Company ("Metro-North") and the Metropolitan Transportation Authority ("MTA") claiming that they should be liable for Colon's injuries.

Following several years of pre-trial discovery and motions, the case went to jury trial in August 2017. The case was predicated on plaintiff's status as a trespasser and whether defendants should be liable to him for the injuries he suffered despite the fact that he was a trespasser on railroad property. At the close of plaintiffs' evidence, defendants moved pursuant to Fed. R. Civ. P. 50(a) for judgment as a matter of law. Doc. #471. Although I permitted the

case to proceed to the jury with respect to one of plaintiff's theories of liability (referred to here as the "constant trespass" rule), I declined to instruct the jury on two alternative theories of liability (referred to here as the "known trespasser" and "child trespasser" rules). The jury subsequently rendered a verdict for defendants on the constant trespass rule, concluding that plaintiffs had failed to prove three out of the five necessary elements to sustain their claim. Doc. #494.

This ruling explains the basis for my declining to instruct the jury under the known trespasser and child trespasser rules. I conclude that the evidence was insufficient for plaintiff to proceed on the known trespasser rule, because there was no evidence that defendants knew at the time of the incident that Colon or any other trespasser was in dangerous proximity to high voltage wires on their property. I further conclude that the evidence was insufficient for plaintiff to proceed on the child trespasser rule for multiple reasons: (1) because Colon was not a child; (2) because the child trespasser rule does not apply to adults like Colon with diminished mental capacity; and (3) because plaintiffs did not prove that defendants knew or had reason to know that children (or adults with diminished mental capacities) would climb the railroad's catenary poles as Colon did.

BACKGROUND

The factual background of this case has been described in detail in the Court's ruling on motions for summary judgment. *See Colon v. Metro-N. Commuter R.R. Co.*, 242 F. Supp. 3d 65, 69-71 (D. Conn. 2017). Insofar as relevant now, my summary judgment ruling outlined three potential theories of negligence liability as provided for in the Restatement (Second) of Torts.

The first and most significant theory was the constant trespasser rule under § 335 of the Restatement (Second) of Torts. This rule provides that a possessor of property may be liable to a

2

trespasser for an injury that a trespasser sustains on the property if the possessor of property was aware of prior constant intrusion by trespassers upon the limited area of the land where the danger existed that injured the trespassing plaintiff. I concluded for summary judgment purposes that there was enough evidence on this theory to warrant a trial. *Id.* at 73-75. In view that the admissible evidence would likely be the same and that the issue would be subject to reconsideration on the basis of evidence to be presented at trial, I also allowed in my summary judgment ruling for plaintiffs to proceed under the known trespasser rule of § 337 of the Restatement (Second) of Torts and the child trespasser rule of § 339 of the Restatement (Second) of Torts. *Id.* at 75-77.

## DISCUSSION

Under Fed. R. Civ. P. 50, a motion for judgment as a matter of law will be granted only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party" at trial. Fed. R. Civ. P. 50(a)(1). A party seeking judgment on this basis bears a "heavy burden," and will succeed only if "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 52 (2d Cir. 2014). I must view the evidence "in the light most favorable to the party against whom the motion was made and ... give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014). Moreover, notwithstanding a movant's reliance on trial evidence that favored the movant's version of events, a court considering a Rule 50 motion "must disregard all evidence favorable to the moving party that the jury is not required to believe." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014).

3

The issues discussed here involve the application of Connecticut law. As a federal court, my role is to apply Connecticut law as I believe that the Connecticut Supreme Court would do and giving proper regard to relevant rulings of lower Connecticut courts as well as analogous rulings from other jurisdictions. *See, e.g., In re Thelen, LLP*, 736 F.3d 213, 219 (2d Cir. 2013).

In light of these standards, I conclude as a matter of law and in light of the evidence presented by plaintiffs at trial that there was no legally sufficient evidentiary basis for the jury to have been instructed on and to consider whether defendants should have been liable under the known trespasser or child trespasser rules. I will address both rules in turn.

### The Known Trespasser Rule

Section 337 of the Restatement (Second) of Torts is titled: "Artificial Conditions Highly Dangerous to Known Trespassers." It provides:

> A possessor of land who maintains on the land an artificial condition which involves a risk of death or serious bodily harm to persons coming in contact with it, is subject to liability for bodily harm caused to trespassers by his failure to exercise reasonable care to warn them of the condition if (a) the possessor knows or has reason to know of their presence in dangerous proximity to the condition, and (b) the condition is of such a nature that he has reason to believe that the trespasser will not discover it or realize the risk involved.

Restatement (Second) of Torts, § 337. The commentary further states that "the rule stated in this Section relates only to the conditions under which a possessor of land is subject to liability to a trespasser whom he knows to be about to come in contact with a highly dangerous artificial condition maintained by him upon the land." *Id.*, cmt. a. [1]

---

[1] Although the Connecticut Supreme Court has yet to adopt § 337, I will assume for purposes of this ruling that Connecticut courts would adopt and apply § 337. I do not agree with plaintiff that the Connecticut Supreme Court applied the known trespasser rule in *Carlson v. Connecticut Co.*, 112 A. 646 (Conn. 1921), because that case pre-dates the Restatement (Second) of Torts, and its analysis involving a train engineer's duty to look out for drunken people on the railroad tracks when on notice of prior intrusions more closely resembles grounds for liability under the constant trespasser rule than under the known trespasser rule.

4

It is clear from the title, content, and commentary to this provision that § 337 applies only when the possessor of land knows or has reason to know that a trespasser is *presently* on the premises (and also in dangerous proximity to the condition). This requirement of knowledge of a present trespass differs from the requirement of knowledge for the § 335 constant trespass rule, which requires knowledge of *prior* frequent trespasses from which the possessor of the premises should have known the plaintiff's future trespass to be expected.

Here, there was no evidence at trial that the defendants knew or had reason to know that Colon or any other trespasser was on or near the upper reaches of the catenary pole where Colon was electrocuted. Accordingly, there was no basis for me to instruct the jury on a theory of known trespasser liability.

Moreover, even if the known trespasser rule could be applied absent knowledge of a present trespass, any failure to instruct the jury on the known trespasser rule was harmless. That is because the known trespasser rule imposes only a duty to warn of a hidden danger, and the jury here concluded as to plaintiffs' separate constant trespasser claim that plaintiffs had failed to prove that Colon's injury was caused by a serious hidden danger and also that plaintiffs had failed to prove that a failure to warn had caused Colon's injury. These findings would have foreclosed a jury verdict in plaintiffs' favor on the basis of the known trespasser rule.

### The Child Trespasser Rule

Second 339 of the Restatement (Second) of Torts is titled: "Artificial Conditions Highly Dangerous to Trespassing Children." The Connecticut Supreme Court has adopted § 339, which provides in part:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition [on] the land if (a) the place where the condition exists is one [on] which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason

to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

*Ruiz v. Victory Properties, LLC*, 315 Conn. 320, 333 n.6 (2015) (quoting Restatement (Second) of Torts, § 339).

I did not instruct the jury on the child trespasser rule for three reasons. First, Colon was not a child at the time of his injury; he was 26 years old. Second, notwithstanding plaintiffs' insistence that Colon was mentally like a child, neither the law nor logic support expanding the scope of the child trespasser rule to include adult trespassers who have diminished capacity. Third, even assuming Colon were deemed a "child" for purposes of the child trespasser rule, the evidence otherwise failed to satisfy the requirements for liability under the rule, because there was no specific evidence of prior constant intrusion by children (or mentally diminished adults) high on the tower or near the electric wires where Colon was injured. I will discuss each of these reasons in more detail below.

*1. Colon's Non-Child Status*

Plaintiffs have cited no authority holding or stating that the child trespasser rule should extend under any circumstances to adult trespassers. Other courts that have been asked to extend the child trespasser rule to adult trespassers have declined to do so. *See Estate of Zimmerman v. Southeastern Pennsylvania Transp. Authority*, 168 F.3d 680, 687-88 (3d Cir. 1999) (declining to apply child trespasser rule to 23-year-old injured by railroad's high voltage electricity line; "The law does not impose upon owners and possessors of land a higher duty to protect from injury adults with emotional disorders."); *Adkins v. Kornegay*, 2006 WL 2639482, at *4 (N.D. Ga.

2006) ("The attractive nuisance theory only applies to children, not adults."); *Wever v. State ex rel. Dep't. of Human Servs., Enid State Sch.*, 839 P.2d 672, 673 (Okla. Civ. App. 1990) ("We decline to extend the doctrine of attractive nuisance to adults, regardless of their mental capacity. We find no compelling societal interest to do so.").[2]

Plaintiffs rely on Connecticut cases that simply set forth the basic doctrine of child trespasser liability under § 339 and do not address the question of who qualifies as a "child" under the child trespasser rule. *See Duggan v. Esposito*, 178 Conn. 156, 158-59 (1979); *Morin v. Bell Court Condominium Ass'n, Inc.*, 223 Conn. 323, 332-33 (1992).

Two more trial court cases cited by plaintiffs acknowledge that "Connecticut has not adopted an age limit beyond which the rule no longer applies." *Napierski v. State*, 1999 WL 476276, at *5 (Conn. Super. 1999); *Northup v. Santiago*, 1992 WL 205128, at *1 (Conn. Super. 1992). But both of those cases concerned 17-year-old children, and they are best read as stating that there is no age limit *among children* for the application of the rule. *See Napierski*, 1999 WL 476276 at *5 ("It is true that the plaintiff's decedent, at the age of seventeen, had almost reached the age of majority."); *see also Parzych v. Branford*, 20 Conn.Super. 378, 381 (1957) ("it would appear that *until the age of majority . . .* each child is to be gauged on a sliding scale") (emphasis added).

This lack of any fixed age limit *among children* for applying the rule follows the Second Restatement in abandoning the First Restatement's limitation of the rule to "young" children. *Compare* Restatement (Second) of Torts, § 339, *with* Restatement (First) of Torts, § 339. The comments to the Second Restatement noted numerous cases in which the doctrine had been applied to children over the age of 13, contrary to the limitation to "young" children of the First

---

[2] The "attractive nuisance" doctrine is simply another name for the § 339 child trespasser doctrine. *See* Restatement (Second) of Torts, § 339, cmt. b.

Restatement, but noted no cases of the doctrine's application to anyone over 18 years old. *See* Restatement (Second) of Torts, § 339, reporter's note 1.

The Second Restatement's commentary observes that the "great majority" of cases had involved "a child of not more than twelve years of age." *Id.*, cmt. c. It notes, however, that "later cases" have included children of "high school age." *Ibid.* The commentary suggests that although "a fixed age limit" has been rejected by the great majority of courts, "as the age of the child increases, conditions become fewer for which there can be recovery under this rule, until at some indeterminate point, *probably beyond the age of sixteen*, there are no longer any such conditions." *Ibid.* (emphasis added).

The difference between the First and Second Restatement approaches to child trespasser liability also seems to explain certain allusions in very old cases decided under this doctrine to the possibility that the definition of a "child" might be relaxed for someone suffering from a mental impairment. *See, e.g.*, *Hashtani v. Duke Power Co.*, 578 F.2d 542, 544 (4th Cir. 1978). But this caveat is best understood as a construction of the limit, under the traditional, First Restatement-style approach, of the child trespasser rule to only "young" children, or children of "tender years." Many states understood this to mean only children under the age of 14, or under some similar hard age limit, but might also include older children if they suffered from some mental deficiency.

This willingness to extend the doctrine to children over the age of 14 who suffer from a mental impairment is already reflected in the law of states like Connecticut that impose no firm limit on the age of children to which the child trespasser rule applies. Therefore, these old cases under the First Restatement approach do not support a further extension of the doctrine to adults

8

with mental impairments. They simply support the conclusion that mental capacity is relevant to whether to hold that a *child* plaintiff of a given age is covered by the rule.

### 2. Colon's Child-Like Mental Age

Plaintiffs introduced evidence at trial to suggest that Colon had a child-like mental status at the time of his injury. Dr. Wade Myers, for example, testified that Colon had a "functional mental age" of around 14 or 15 at the time of the accident, principally stemming from his infant bout of meningitis. Still, the record does not reflect any evaluation of Colon's mental state between 2005, when he was examined by a Dr. Oscar Osorio to be excused from jury duty, and the accident in March 2011. The main evidence of Colon's mental state, on which Dr. Myers relied for his conclusion that Colon's pre-accident mental age was around 14 or 15, was an examination from 1993, when Colon was just eight years old.

Other evidence showed that Colon was in no sense a child on the date of the accident. He was a high school graduate. He left his family home in Puerto Rico to live independently here in Connecticut. He held various jobs, including one that he held down for over two years. He married Arlene Davis, and he helped her with her own physical disabilities. Colon lived the life of an adult, not the life of a child.

This is not the evidentiary record that would warrant an unprecedented expansion of the child trespasser rule. It seems to me that a distinction cannot easily be drawn between adults with limited mental development or intellectual disability, such as Colon, from adults with other kinds of mental impairments more along the lines of mental illness, *e.g.,* someone suffering from a psychotic episode. Applying the child trespasser rule to this case would therefore transform that rule into a protection not for child trespassers but for all trespassers of any age with any sort of mental or psychological impairment. This would contradict the general policy of tort law that

mentally deficient adults are held to the same standard of care as those with no impairment, whereas children are not. *See* Restatement (Second) of Torts, §§ 283A, 283B. And because the child trespasser rule requires that a property owner take even greater precautions beyond a duty to warn as required by the constant trespasser and known trespasser rules, an expansion of the child trespasser rule to any adults with diminished capacity would impose significantly new obligations and liabilities on property owners to protect trespassers against harm.

Moreover, § 339 says nothing about applying its rule to full-grown adults who are of child-like mental status. To the contrary, § 339 requires in relevant part that "children *because of their youth* do not discover the condition or realize the risk involved." (emphasis added). As the text of § 339 makes clear, its protection extends to children whose abilities to recognize danger are diminished "because of their youth," not to all adults whose abilities to recognize danger are diminished because of any mental shortcoming.

*3. Knowledge or Reason to Know of Child Trespassers Near High Voltage Wires*

Lastly, even if I concluded that Colon qualifies as a "child" for purposes of the child trespasser rule, the evidence fell short of establishing that defendants knew of prior constant intrusion by *child* trespassers in dangerous proximity to the electrical wires. Section 339 requires that "the possessor knows or has reason to know that children are likely to trespass" in the area where the dangerous condition exists that harmed the plaintiff. Notwithstanding some testimony at trial about the occasional presence of children trespassers on railroad property in general, there was no evidence to suggest that children routinely climbed catenary towers, much less that any child climbed to a height to be in dangerous proximity to any electrical wires and that defendants knew or had reason to know of such activity by children. For these reasons, the evidence was insufficient as a matter of law to support a jury verdict under the child trespasser rule.

## CONCLUSION

For the foregoing reasons, defendants Metro-North and MTA's motion for judgment as a matter of law (Doc. #471) is GRANTED as to plaintiffs' claims under the known trespasser and child trespasser rules.

It is so ordered.

Dated at New Haven this 13th day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge