UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON OMAR COLON and ARLENE DAVIS,<br>    *Plaintiffs*,<br><br>v.<br><br>METRO-NORTH COMMUTER RAILROAD COMPANY, and METROPOLITAN TRANSPORTATION AUTHORITY,<br>    *Defendants*,<br><br>v.<br><br>UNITED ILLUMINATING COMPANY,<br>    *Third-Party Defendant*. | No. 3:13-cv-00325 (JAM) |

ORDER GRANTING DEFENDANTS' MOTION
FOR ENTRY OF PARTIAL JUDGMENT

Defendants Metro-North Commuter Railroad Company (Metro-North) and the Metropolitan Transportation Authority (MTA) have filed a motion with the consent of third-party defendant United Illuminating Company (UI) for the Court to enter a partial final judgment pursuant to Fed. R. Civ. P. 54(b). For the reasons set forth below, I will grant the motion.

**BACKGROUND**

Plaintiff Omar Colon suffered a severe electrocution injury after he climbed a catenary pole along the railroad tracks near New Haven, Connecticut. He and his spouse sued Metro-North and the MTA, who in turn filed a third-party complaint against UI for indemnification. Plaintiffs' claim proceeded to the jury on a "constant trespasser" theory of liability by which a possessor of property may be liable to a trespassing plaintiff who is injured on the property if the plaintiff has been injured by a hidden danger on the property and if the possessor of the property

1

was aware of prior constant trespass near the hidden danger and failed to reasonably warn of the hidden danger. *See Maffucci v. Royal Park Ltd. P'Ship*, 243 Conn. 552, 559-60 (1998) (citing Restatement (Second) of Torts, § 335).

On August 22, 2017, the jury returned a verdict for defendants Metro-North and the MTA. The jury concluded that plaintiffs had failed to prove three of the five necessary elements for their claim of "constant trespasser" liability against defendants. First, it concluded that plaintiffs had failed to prove that Colon's injury resulted from a hidden danger. Second, it concluded that plaintiffs had failed to prove that Metro-North knew of constant intrusion by trespassers in dangerous proximity to the power lines on its property. Third, it concluded that plaintiffs had failed to prove that Colon was injured because of Metro-North's failure to reasonably warn about danger on the catenary pole. *See* Doc. #494 (jury verdict form); Doc. #496 (jury instructions).

The jury, however, was not asked to render a verdict for the third-party claim by Metro-North and MTA against UI. Instead, as the parties requested, the jury solely answered a special interrogatory, concluding that UI's wires did not directly or indirectly cause the injuries to Colon. Doc. #494 at 3. The jury was advised that ultimate resolution of the third-party claim would depend upon the resolution of legal issues by the Court concerning the interpretation of the contract between UI and the State of Connecticut.[1] With the consent of UI, Metro-North and MTA have now moved pursuant to Fed. R. Civ. P. 54(b) for entry of partial final judgment on

---

[1] The source of UI's duty of contractual indemnity is its "Transmission Line Agreement" with the State of Connecticut in which UI agreed to "indemnify, protect and save harmless ... the State's Designee [Metro-North] ... from any and all loss of life or property, or injury or damage to the person or property of any third person ... and from any and all claims, demands or actions for such loss, injury, or damage directly or indirectly caused by the presence or use ... of the Transmission System and appurtenances thereto, excepting such loss, damage or injury as shall be due solely to the negligence of the agents or servants of [Metro-North]." Doc. # 207-7 at 22–23; *see also Colon v. Metro-N. Commuter R.R. Co.*, 242 F. Supp. 3d 65, 77-78 (D. Conn. 2017) (summary judgment ruling discussing indemnification provision).

plaintiffs' claims against Metro-North and the MTA. Doc. #504. Plaintiffs oppose the motion. Doc. #507.

**DISCUSSION**

Rule 54(b) provides: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Proper entry of partial final judgment under this rule requires that three conditions be met: (1) that there be multiple claims or multiple parties; (2) that at least one claim, or the rights and liabilities of at least one party, have been finally decided within the meaning of the final-judgment rule; and (3) that the Court expressly determine there to be no just reason for delay and direct the Clerk of Court to enter judgment. *See Information Resources, Inc. v. Dun and Bradstreet Corp.,* 294 F.3d 447, 451 (2d Cir. 2002).

In light of the policy against piecemeal appeals, the Second Circuit has instructed that a district court should only sparingly exercise its discretion to enter a partial final judgment pursuant to Rule 54(b). *See Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011). Thus, for example, a district court should not ordinarily grant a Rule 54(b) certification "if the same or closely related issues remain to be litigated," because "it does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Id.* at 311 (internal citations and quotation marks omitted).

Here, I conclude that all three conditions of Rule 54(b) are met. First, there are both

multiple claims and multiple parties. Second, all of plaintiffs' claims have been finally decided, and there are no counterclaims against plaintiffs. Third, there is no just reason for delay. The only claim remaining in this case is a third-party claim for contractual indemnification as between the defendants and the third-party defendant. These parties represent that the Court's adjudication of their dispute will strictly involve the Court's interpretation of the contract between them and be "wholly independent" of plaintiffs' tort claims. Doc. #504 at 2. Indeed, neither the defendants nor the third-party defendant will seek to challenge the jury's determination that UI's wires did not cause Colon's injury. Instead, the defendants have advised that their contractual dispute will center on whether the contract requires UI to pay indemnification for the defense against plaintiffs' claims *despite* the fact that the jury has found that UI's wires did not cause Colon's injury. Doc. #490 at 71-74.

I also conclude that the equities favor entry of a separate judgment. *See Novick*, 642 F.3d at 314. Plaintiffs' claims have been pending for many years, and I do not see why the adjudication of any of plaintiffs' challenges to the validity of the jury's verdict or this Court's rulings should await my resolution of the separate contract dispute between the defendants and third-party defendant. It may take me several more months to receive briefing and resolve the contract issue, and I do not see that my resolution of the contract issue will have anything to do with plaintiffs' challenge to the jury's verdict against them.

I am not persuaded by any of plaintiffs' counterarguments. Although plaintiffs argue that granting the motion will result in piecemeal appeals, I have already considered that concern as discussed above. Based on the representation of the defendants that the remaining dispute is "wholly independent" of plaintiffs' claim, I do not believe that any later appeal from my resolution of the contract dispute would require duplicative consideration of facts or legal issues

by the Second Circuit.

Plaintiffs suggest that the resolution of the third-party claim may facilitate post-judgment "negotiations" among the parties. Even if so, this does not militate against entering final judgment on plaintiffs' claims now, because the parties are free to negotiate amongst themselves at any time. The Court referred the parties to Magistrate Judge Margolis for multiple settlement conferences prior to trial, and there is no reason to suppose in light of the jury's overwhelming rejection of plaintiffs' case that a settlement is more likely now.

## CONCLUSION

Defendants' motion for entry of judgment (Doc. #506) pursuant to Fed. R. Civ. P. 54(b) is GRANTED. The Clerk of Court shall enter separate judgment with respect to plaintiffs Omar Colon and Arlene Davis's claims against defendants Metro-North and the MTA.

Plaintiffs shall thereupon file any post-trial motions that they wish to file within the time limits set forth in the Federal Rules of Civil Procedure. As for the third-party claim, in accordance with the schedule proposed by Metro-North, MTA, and UI, defendants shall file their briefing by November 30, 2017; UI's briefing by January 15, 2018; and defendants' reply briefing by January 31, 2018.

It is so ordered.

Dated at New Haven this 13th day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge